SEAMAN C. RIPLEY, PLAINTIFF IN ERROR, v. THE BOARD OF COUNTY COMMISSIONERS OF GAGE COUNTY, DEFENDANTS IN ERROR.

Mechanic's lien: COUNTY BUILDINGS. The lien given mechanics, under the statutes of Nebraska, for work done or materials furnished for the erection, etc., of any house, mill, or any other building, does not apply in the erection of *public buildings* for the use of a county.

———: SUB-CONTRACTOR. No valid claim exists in favor of a sub-contractor, against the owner of a building, unless such building is also subject to a lien, under the law, in favor of the person for whom the work is done, by such sub-contractor.

———: ———. Statutes relating to Mechanic's Lien, and power of county commissioners in the erection of public buildings, reviewed per LAKE, CHIEF JUSTICE.

ERROR to the District Court of Gage county. It was an action brought by plaintiff in error, under the statute

relating to " mechanic's liens," the claim being for material furnished as a sub-contractor for the erection of a court house owned by defendant in error. The defendant in error demurred to the petition, and the same being sustained, judgment dismissing plaintiff's petition, and for costs, was entered. The cause was then brought here by petition in error.

*Colby & Sale*, (with whom was also *William H. Ashby*), for plaintiff in error.

I. Counties, in the exercise of the express and substantive powers conferred upon them by statute, take, by implication, all the reasonable and ordinary modes of executing such powers which a natural person may adopt; their contracts are to be construed in the same manner, and they are bound by the same general laws. *Touchard v. Touchard*, 5 *Cal.*, 306. *Dillon on Corporations*, 387.

The power to erect public buildings is expressly given by our statute to counties, and the defendant, in the building of the court house, for which the said materials were furnished, was but exercising an express power. The letting of contracts, with the power of sub-contracting is one of the reasonable and ordinary modes adopted by natural persons in the exercise of similar powers, and this was the mode adopted by the defendant in the erection of the court house, as set forth in plaintiff's petition. Hence we must conclude, on general principles, that the defendant is liable for materials furnished by the plaintiff as sub-contractor, in the same manner and to the same extent as a natural person.

II. The terms used and the remedies given by the statute, under which plaintiff's action was brought, are of a general nature, and are as applicable to municipal corporations as to persons, unless there is some express exception elsewhere in the laws of the state by which

they may be modified. The remedy is against *any building* and the *owner of any building*, which must include, according to the established interpretation of statutes, corporations, and their property. Each organized county is made by statute a body corporate, and as such is empowered to sue and be sued. Thus a county is given all the legal rights and remedies of a natural person, unless elsewhere specially restricted. But the right to sue implies no greater legal privileges than the liability to be sued implies legal obligations; and hence all the remedies of a natural person may be exercised *against* a county, unless specially excepted. *General Statutes, Chap.* 13, *Sec.* 1. *Houck on Liens,* 78. *Dillon Mun. Corp.,* 387. *Maher v. City of Chicago,* 38 *Illinois,* 266.

What are the exceptions to the liability of a county to respond to legal remedies? We submit that there is but one exception given by our statute that can by any process of reasoning, be tortured into exempting counties from liability under the mechanic's lien law, and that is contained in chapter 13, section 6, of the General Statutes. This provides that when a judgment shall be obtained against a county, no execution shall issue thereon, but that the amount of the judgment shall be levied and collected by tax. *R. S.,* 1866, *Chap.* 9, *Sec.* 31. *Walker v. Whitehead,* 16 *Wallace,* 314.

This section, by a reasonable interpretation, would seem to apply only to judgments in personal actions, and is not intended to restrain actions *in rem* against the property of the county.

The power to purchase and sell property, and to borrow money on the credit of the county, as given by our statute, would seem to carry with it the power to mortgage and pledge. In fact, the authorities agree that the power to mortgage, if not expressly given nor denied, would be an incident to the power to hold and dispose of property and to make contracts. *Dillon on Mun. Corp.,*

434. *Branham* v. *Mayor of San Jose*, 24 *Cal.*, 585. *Adams* v. *Memphis & Little Rock R. R.*, 2 *Cold.*, 645.

Now, it follows, as counties can mortgage and pledge their property, that the property so mortgaged and pledged can be reached by proceedings *in rem* notwithstanding the statute exempting their property from seizure by ordinary executions.

Therefore, we must conclude that the foreclosure of a mechanic's lien against a county, which is a proceeding *in rem* purely, is not restrained by the section referred to, but that that section applies only to personal actions; and we must further conclude that in proceedings to reach particular property either on a contract, as in the case of a mortgage, or by statute, as in the case of a mechanic's lien, a county stands in precisely the same position as a private corporation or a natural person.

And it is believed that, although there is some apparent conflict in the authorities, yet that, when rightly understood, they concur in sustaining this view. *See* 17 *Indiana*, 225, where the supreme court decides that *prima facie* a lien can be foreclosed against a public building; and also 3 *Allen* (*Mass.*), 307, where a lien is foreclosed against a school-house. *See Houck on Liens*, 84, where it is held that even where there can be no execution, still a lien could be enforced.

III. Plaintiff's action is not brought for the foreclosure of a lien against the property of the county, but is a purely personal action. *Chapter* 42 *of the General Statutes* provides remedies for two separate classes of persons, viz: contractors and sub-contractors. To contractors a specific lien is given against the property, for the erection of which materials were furnished, or upon which the labor was expended. To sub-contractors only an action at law against the owner of the building is given. The remedy in the first case is by a proceeding

*in rem*, but in the second case it is by an action *in personam*. Plaintiff's action is of the second class, and seeks no specific property, and hence the objections brought against the foreclosure of a lien would not apply. Indeed we could admit, for the purpose of argument, that a mechanic's lien could not be foreclosed against a municipal corporation, and still the remedy sought by plaintiff would stand against the defendant.

The only arguments against the foreclosure of a lien against a county are, first, that the property of a county is exempt by statute from execution; and second, that the exercise of such a remedy might subject a county to great embarrassment and loss. But these reasons have no force whatever when applied to the present case, because neither of those results could, by any construction, follow the judgment asked. There is no demand against any particlar property of the county, and only a personal judgment, to be collected in the ordinary way, by taxation, is desired. The remedy given is in the nature of a garnishment, and the reasoning which the weight of authority gives for making municipal corporations liable as garnishees, applies with even greater force to their liability to the statutory remedy given to sub-contractors. The only reason which can be brought against their liability is the inconvenience to which they might be subjected, which reason appears most trivial when taken in connection with a statute which allows them all legal remedies — all the ordinary modes of exercising their express powers — and permits them to enter into the complex relations of buying and selling property, borrowing money, and contracting debts.

IV. Municipal corporations are liable to garnishment, not only for ordinary debts, but also for the salaries of their officers due and unpaid. *City of Newark v.*

*Funk,* 15 *Ohio State* 462. *Morse v. Towns,* 45 *New Hamp.,* 185. *Culver v. Hall,* 20 *Conn.,* 416. *Dillon on Mun. Corp.,* 113.

*S. C. B. Dean and W. J. Galbraith,* for defendant in error.

I. The act of the legislature, by virtue of which the plaintiff seeks to make the county liable, is not intended to apply to municipal corporations. The language of the entire act does not admit of such a construction. The act ought not to be extended by judicial construction to persons or things the legislature has not included therein. In this respect it should be strictly construed. *Ayers v. Revere, et al.,* 1 *Dutcher,* 481. *Brady v. Anderson,* 24 *Ill.,* 112. *Phillips v. Stone,* 25 *Ill.,* 80. *Thompson v. Yates,* 28 *Howard Prac.,* 147. *Roberts v. Fowler,* 3 *E. D. Smith,* 632. *Williams v. Controllers,* 18 *Penn. State,* 275. *Cook v. Head,* 21 *Ill.,* 425.

II. A construction of the act making it include municipal corporations is contrary to public policy. The public interests would suffer if the officers of municipal corporations were compelled to give their attention to contracts and claims arising therefrom, between the parties mentioned in the act. *The People, ex rel., Spaun v. Mayor of Omaha,* 2 *Neb.* 166. *Williams v. Controllers,* 18 *Penn. State,* 275. *People, ex rel., Hudson v. Butler,* 2 *Neb.,* 5.

III. The sections of the act under which the plaintiff proceeds are intended to apply only to such property as is the subject of a mechanic's lien by virtue of section first of said act. The intention of the legislature is by the first section to secure persons performing labor, furnishing material, etc., for the owner or his agent, by a lien against the building, etc. The intention of the section,

under which the plaintiff proceeds, being to secure those who furnish material, perform labor, etc., for the contractor, by giving them a claim on subsequent payments. We hold that it was the intention of the legislature only to allow claims, on such subsequent payments, in such cases, as where by the first section a mechanic's lien could be had. The public buildings of a municipal corporation are not the subject of a mechanic's lien. The intention of a lien is to give the plaintiff such a claim upon the property which is the subject of it, as that it may be sold to satisfy the same; and public buildings cannot be sold by virtue of an execution. The legislature has provided a method for satisfying judgments against municipal corporations which we hold to be exclusive. *General Statutes of Nebraska, page* 934. *Culbertson v. Duly,* 7 *Watts & Sergeant,* 197. *Williams v. Controllers,* 18 *Pa. State,* 275. *Dillon on Corporations,* 432 *and* 433, *and cases cited in note* 1, *p.* 433.

IV. The portion of the act under which the plaintiff proceeds is in the nature of garnishment, and such process cannot be had against a municipal corporation, unless expressly provided by the act. *Spaun v. Omaha,* 2 *Neb.,* 166. *Burnham v. The City of Fond du Lac,* 15 *Wis.,* 193. *City of Erie v. Knapp,* 29 *Penn. State,* 173.

The petition of the plaintiff does not show a demand or a presentation to the commissioners. The only way the claim could be paid (granting the liability,) is by orders drawn on the county treasurer. Owing to the multifarious character of the public business, the commissioners are not supposed to know the kind, or even the existence of claims, until the same are presented, and neither they nor the county are in default until the demand is made. The public would be greatly injured under a contrary rule. *Luzerne County v. Day,* 23

*Penn. State,* 141. *Love v. Commissioners of Chatham,* 64 *N. C.,* 706. *Brewer v. Otoe County,* 1 *Neb.,* 373. *General Statutes,* 234, 238.

LAKE, CH. J.

The single question presented for our determination in this case, is whether our mechanic's lien law can have any application whatever in a case where work is done, or materials are furnished for the erection of county buildings.

The case has been so ably presented, and the authorities so fully cited, in support of the position taken by the respective counsel, that I have been greatly aided in my examination of the question.

This precise question being a new one in this court, in view of the great conflict in the authorities cited from the various states, we feel at liberty to give that construction which seems to us to be most in harmony with the policy of our own statutes, and the previous decisions of this court upon analagous questions.

The lien law in question provides remedies for two distinct classes of persons viz: original contractors, and subcontractors, laborers, and material men. To the former there is given by the first section of the act a specific lien against the property, in the erection of which the work was done, or materials were furnished, while to the latter there is given no lien upon the structure, but, by a compliance with the requirements of section two, they may, under certain conditions, have a personal claim against the owner thereof, to be enforced by an ordinary civil action.

The plaintiff seeks to recover against the county, as a material man, under section two, he having furnished to Messrs Binns and Fordham, the contractors for the erection of a court house, the brick used by them in its con-

struction, and having also taken all the steps required by the statute to entitle him to recover the amount of his demand from the owner of the building, if it belonged to a private person.

It is undoubtedly true that the real object of the legislature in giving to mechanics and other persons, liens for work done in, or materials furnished for the construction of any building, was to furnish them with a substantial security for the payment of their demands, where none existed before, as against the owner thereof. But in case of contractors for the erection of public buildings, there was no necessity for any such protection, for ample provision already existed for raising the necessary funds, on account of any such demand, the public credit being pledged for the payment of all just demands against the county.

Section fourteen, of chapter thirteen, General Statutes, 235, among other things provides, that the board of county commissioners shall have power " to borrow upon the credit of the county a sum sufficient for the erection of county buildings." This power, it is true, can only be exercised by permission of the electors of the county. Undoubtedly if the county had the necessary funds on hand, not pledged by the statutes to other uses, the commissioners could, of their own motion, and without a vote of the electors of the county, appropriate the same to the erection of a court house or other necessary county buildings, but it is equally clear that they have no authority to pledge the credit of the county to obtain the money for such purpose, unless expressly authorized by a vote of the people to do so.

Again, it is expressly provided in section six, of the same chapter, above refered to, that no execution shall be issued on a judgment against a county, but that the amount thereof shall be raised by a tax levied upon all the taxable property within such county.

Now, I consider it to be quite manifest from these statutes, that the legislature never intended that county buildings should be subject to sale by judicial process, no matter what the character of the demand may have been upon which the judgment was rendered, and that they are necessarily as completely withdrawn from the operations of the mechanics lien law, as if they had been expressly excepted by the most positive and unambiguous words. But should we hold otherwise, it would follow, as a necessary sequence, that in case of a recovery by a contractor under the provisions of the lien law, the building in question could be seized and sold for its satisfaction, for it cannot be said that the lien exists unless the structure may be sold to satisfy it.

But it was urged upon the argument, with considerable force, that although it shall be held that the *first* section of the act has no application to county buildings, yet as the remedy sought by the plaintiff, under the *second* section, is personal merely, and the judgment when recovered, to be satisfied by the levy of a tax for that purpose, as the statute provides, and not by a sale of the court-house, there is no good reason why the action may not be maintained.

This position, though urged with much plausibility, cannot be sustained. It is very clear to my mind, that the second section of the act applies only to those cases where the original contractor may have a lien on the building, under the first section. No other conclusion can possibly be reached without totally disregarding the plain letter of the statute.

By section one it is enacted that "any person who shall perform any labor, or furnish any materials for the erection, reparation, or removal of any house, mill, manufactory, or other building or appurtenance, *by virtue of a contract or agreement, express or implied with the owner thereof, or his agent, shall have a lien,*

etc." From this it will be seen that it is essential to the existence of the lien, that the work be done, or the materials be furnished, under a contract or agreement with the owner of the buliding or his agent.

The second section, under which the plaintiff has proceeded, provides that "every mechanic, or other person, doing or performing any work, or furnishing any materials for the erection, reparation, or removal of any house, mill, etc., erected, repaired, or removed, *under a contract or agreement, express or implied, between the owner thereof, or his agent, and the builder or other person,* * * * * whose demand for work so done, or materials furnished, has not been paid, may deliver to the owner of such building, or his agent, an attested account of the amount and value of the work and labor thus performed, or materials thus furnished, and remaining unpaid," and thereupon such owner, or agent, is required to retain the amount thereof out of subsequent payments due the contractor, for the benefit of the person doing such work, or furnishing such materials. By subsequent sections, it is provided what steps shall be taken by the owner of the structure to ascertain the correctness of the account, and also under what circumstances he shall be liable, at the suit of such sub-workman or material-man, for the amount thereof. But, it should be observed, that by unambiguous language, the remedy afforded by the second section is confined to those cases, exclusively, wherein there is a contract or agreement between the owner of the building, or his agent, and the person for whose benefit the work is done, or the materials are furnished, the very cases indeed, in all respects, wherein the original contractor would be entitled to have a lien, upon the structure, for the amount due him on account of its construction.

Indeed, I think the conclusion is irresistible, that both the first and second sections of the act refer to precisely

the same kind of structures, and that a mechanic or other person performing labor, or furnishing materials, as contemplated by the second section, can have no valid claim therefor against the owner of · the building, unless such building could be subject to a lien, under the law, at the instance of the person for whom the work was done, or the materials were furnished.

The legislature having made ample provision for the payment of debts contracted for public buildings, this must be held to be exclusive, and to forbid a resort to any other method. Nor is there any hardship in this rule, for all persons who deal with municipal corporations, either directly or indirectly, are chargeable with full knowledge of their powers and liabilities, under the statutes creating or regulating them, and of course must be held to act at their peril.

For these reasons the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

MR. JUSTICE MAXWELL concurs.