No. 6993.

30  361
51 1386

HOWARD McKNIGHT VS. THE PARISH OF GRANT.

Land which has been donated to a parish and dedicated to public use, can not be seized for any debt due by the parish.

The contractor who furnishes the material and builds a jail for a parish, under a contract with the police jury of the parish, has the mechanics' lien and privilege on the jail, to secure the payment of what is due him under the contract.

APPEAL from the Ninth Judicial District Court, parish of Grant. *Blackman*, J.

*R. A. Hunter* for plaintiff and appellant.

*A. Cazabat*, Parish Attorney, for defendant.

The opinion of the court was delivered by

SPENCER, J. The police jury of the parish of Grant by ordinance appointed a committee to contract for building a public jail at Colfax; made the necessary appropriation, and levied a tax of two mills to pay for the same. The contract was made with plaintiff, who undertook to furnish all the material and build the jail for $1000, payable in cash when completed. There is no dispute that he fully complied with his contract. The parish authorities received the building, and have ever since occupied it. Plaintiff duly recorded his contract. Only $155 have been paid him, and as it seems no effort is made to collect the tax, or if collected as it has not been paid to him, he brings this suit for the balance due him, and claims the mechanics' and builders' lien on the jail and on one acre of ground on which it is situated, under article 3249 of the Civil Code.

The district judge gave him a judgment for the amount due, but refused to recognize his lien, and plaintiff appeals. It seems that the land on which the jail is built was expressly bought and donated to the parish, for the purpose of a jail lot. We have lately held, in the case of Parish Plaquemines vs. Foulhouze, that under such circumstances the land has been dedicated to public uses and can not be seized for debts of the parish. That it does not constitute property of the parish in the ordinary acceptation of that term, being out of commerce and belonging to the public.

But because the soil upon which a building is erected can not be sold to pay the cost of its erection, it by no means follows that the building itself may not be. The 3249th article of the C. C. gives the lien "upon the building *and* upon the lot of ground;" and then proceeds to provide for the case where the lot of ground belongs to another than the party having the work done, and where, therefore, it is not alienable in satisfaction of the debt. We think the spirit of this article requires us to recognize the lien on the building. It would be

McKnight vs. Parish of Grant.

monstrous to allow the parish to appropriate another man's material and labor in the form of a house, and refuse to pay him because the land on which it is built is inalienable, and out of commerce. The builder in such a case as this may be in some sort assimilated to a vendor of the materials and labor represented in the house. Good conscience forbids that he be denied the right to subject the building to his debt.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and is so amended as to recognize and render executory the building lien claimed by plaintiff on and upon the jail building of the parish of Grant, at Colfax, and that the same be seized and sold to satisfy plaintiff's judgment. That in other respects the judgment appealed from be affirmed, and that defendant pay the costs of appeal.