WHITING & KEEMER v. STORY COUNTY.

GREEN v. THE SAME.

GODSON v. THE SAME.

1. **Mechanic's Lien:** PUBLIC PROPERTY: COURT-HOUSE.  A mechanic's lien cannot be established against a court-house, or other public property exempt from execution under section 3048 of the Code.  Following *Loring & Co. v. Small et al.*, 50 Iowa, 271.

*Appeal from Story District Court.*

WEDNESDAY, JUNE 16.

THESE three cases were submitted together.  They involve simply the question of the right of subcontractors to a lien upon a court-house erected for Story county by J. B. Randall.  The court rendered judgment in favor of each of the plaintiffs against the defendants J. B. Randall and Story county, and established the respective liens as prayed against the court-house.  Story county appeals.

*T. D. Thompson and L. Irwin,* for the appellant.

*John A. McCall,* for appellees Whiting & Keemer.

*Hubbard & Clark,* for appellees Green and Godson.

DAY, J.—The point involved in this case was determined adversely to the position of appellees in *Loring & Co. v. Small, Tubbs, Plymouth County et al.,* 50 Iowa, 271.  The earnest and able argument of appellee's counsel has not convinced us that the decision in that case is not correct.  It is claimed that the mechanic's lien law is general, applying to all buildings alike.  So is section 3048 of the Code, exempting public buildings owned by the State, or any county, city, school district, or other

1. MECHANIC'S
lien: public
property:
court-house.

municipal corporation, from execution. The only mode provided for the enforcement of a mechanic's lien is the sale under execution of the property against which the lien is asserted. It follows that, in the case of the public buildings named, one or the other of these general statutes must yield. Both cannot be enforced. What, then, is the proper rule of construction? The mechanic's lien law specifies no distinct class of buildings, but applies generally to all. Section 3048 refers to a particular class of buildings. It says that as to them the incident of a mechanic's lien which gives it all its effectiveness, an execution shall not apply. The effect of this provision is to withdraw this class of buildings out of, and to remove it from, the general provision. The general yields to the particular. Such was the construction placed upon a similar statute in the case made the basis of our opinion in *Loring & Co. v. Small, Tubbs et al., supra.* That this is the correct construction we feel well satisfied. See, also, *Williams v. Controllers,* 18 Penn., 275; *Ripley v. Board of County Com.,* 3 Neb., 397; *McPheeters v. Merrimac Bridge Co.,* 28 Mo., 465; *Abercrombie v. Ely,* 60 Id., 23; *Dunn v. North Missouri Railroad,* 29 Id., 493; *Thomas v. Board of Education,* 71 Ill., 283; *Board of Education v. Needenberger,* 78 Id., 58.

II. It is claimed, however, that if no execution can be issued against he property of the defendant, still a judgment may be rendered, to be enforced in the usual way by the levy of a tax for its satisfaction. But the lien of the mechanic is purely a creature of statute. It has been uniformly held by this court that it can be enforced only in the manner prescribed by the statute. This claim was made in *Loring & Co. v. Small, Tubbs et al., supra,* and in *Benton v. Board of Supervisors of McDonough County* (Cent. Law Jour., Vol. 5, pp. 105–8), and it was in both cases held that it could not be allowed. We see no reason for departing from our former decision on this question.

REVERSED.