BRENEMAN v. HARVEY ET AL.

1. **Mechanic's Lien:** ENFORCEMENT AGAINST COUNTY: MISAPPLICATION OF LAW. A mechanic's lien cannot be enforced against the property of a county; (See *Loring v. Small*, 50 Iowa, 271; *Whiting v. Story Co.*, 54 Id., 81;) nor can the processes of the mechanic's lien law be used to subject the indebtedness of a county to a contractor to the payment of a debt owing by him to a sub-contractor.

2. **Counties:** SECURITY OF SUB-CONTRACTORS ON PUBLIC WORKS. A sub-contractor cannot establish a claim against a county for work done on county bridges, under chap. 179, Laws of 1884, unless he files his claim with the auditor within thirty days after the date of the last item in his account.

*Appeal from the Superior Court of Cedar Rapids.*

TUESDAY, DECEMBER 21.

ACTION IN CHANCERY. Upon a motion by the defendant Linn county, parts of the petition were stricken out. From this order plaintiff appeals.

*George W. Wilson*, for appellant.

*J. C. Davis*, for appellee.

BECK, J.—I.   The petition of plaintiff, and amendments thereto, show that plaintiff was employed by Harvey, and performed, under such employment, labor and services in constructing bridges for Linn county, Harvey being employed as the contractor to do such work, and that a balance is due plaintiff for his labor.   In the original petition plaintiff asks for judgment against all the defendants.   In an amended petition he prays for such judgment; and, further, "that his lien as a mechanic and laborer be established and enforced against the property, rights and credits of the defendant Harvey in the hands of the defendant Linn county."   Copies of plaintiff's account for the labor were filed with his petition and amended petition, showing the last item of the date of November 5, 1885.   This account was filed December 21, 1885, in the office of the auditor of the county.   The cause was tried as to Harvey and other defendants, and continued as to Linn county.

1. MECHANIC'S lien : enforcement against county: misapplication of law.

II.   The statutes of this state make no provision for the remedy which plaintiff seeks in this case against the county. A mechanic's lien cannot be enforced against its property. *Loring v. Small*, 50 Iowa, 271; *Whiting v. Story Co.*, 54 Iowa, 81.   We know of no statute or practice authorizing a proceeding of this character to subject the indebtedness of the county to a contractor to the claim of the sub-contractor or laborer.   Counsel mistakingly attempts to apply the provision of the statute providing for mechanic's liens, and their enforcement, in order to find a remedy for his client.   These provisions apply only to cases where mechanic's liens are provided for, and not to cases of the character of this one.

Chapter 179, Laws 1884, provide that laborers and others who are sub-contractors, performing labor or furnishing materials for the erection of any bridge or public building, shall have a claim against the county or other public corporation constructing it in an amount not exceeding the contract price of such

2. COUNTIES : security of sub-contractors on public works.

bridge or building, by filing with the proper officer of the corporation an itemized and sworn statement of his claim, within thirty days after the performance of the last labor, or the furnishing of the last materials. Counsel endeavored to bring the case within this provision by the last amendment of the petition; but in this he fails, for the reason that it is shown in the amendment that the statement was filed with the auditor, as above shown, more than thirty days after the date of the last item of plaintiff's claim and account. Having failed to comply with the requirements of the statute, he cannot enforce the remedy it provides.

In our opinion, the superior court rightly struck out all those parts of the petition setting up a claim for a lien, and for a judgment against the county.

AFFIRMED.