FRED. E. HOVEY, Agent, *vs.* THE TOWN OF EAST PROVIDENCE.

In Rhode Island a mechanic's lien cannot be enforced against a building and lot held by a town for the uses of a public school.

PETITION for the enforcement of a mechanic's lien. On exceptions to the master's report.

*July,* 5, 1890. DURFEE, C. J. This is a petition for the enforcement of a mechanic's lien against a lot of land belonging to the defendant town, and all the buildings and improvements thereon, for materials furnished for and used in the erection of a schoolhouse thereon, the materials having been furnished to the contractor. The question is raised whether such a lien is enforcible against a house and lot held by a town for the uses of a public school. In 2 Jones on Liens, § 577, the law is stated to be as follows, to wit : —

"On grounds of public policy, the mechanics' lien laws do not, in the absence of express provisions, apply to public buildings erected by States, counties, and towns for public uses. Schoolhouses erected for the use of public schools come within this exemption ; such buildings are exempt from attachment and from sale upon execution, and for the same reason are exempt from liens which might result in an adverse sale."

The law is laid down in Phillips on Liens, § 179, and in 2 Dillon on Municip. Corp. § 577, in the same manner, with copious citation of cases, and among them several in which the law as stated has been applied to public school lots and houses. *Abercrombie* v. *Ely,* 60 Mo. 23 ; *Hastings* v. *Woods,* 2 Mo. App. 148 ; *Board of Education* v. *Neidenberger,* 78 Ill. 58 ; *Quinn* v. *Allen,* 85 Ill. 39 ;

*Fatout* v. *School Commissioners,* 102 Ind. 223 ; *Brinckerhoff* v. *Board of Education,* 37 How. Pr. 449 ; *Williams* v. *Controllers,* 18 Pa. St. 275. It is easy to see what detriment might follow if lands and buildings held for public uses, as for instance for parks, court-houses, jails, town halls, or common schools, could be sold to satisfy the debts or defaults of municipal corporations having the legal title. The public uses would be thereby annihilated. Courts have presumed that this could not have been intended, and accordingly have decided, as a matter of public policy, that lands or buildings so held are not subject to mechanics' liens. We see no satisfactory reason why we should not follow these precedents. Our statutes recognize that there is property which is exempt from seizure on execution by public policy, Pub. Stat. R. I. cap. 209, § 4, clause 14. Our statutes do not permit executions to run against the property of towns, but provide other modes in which judgments against towns, or against the town treasurers representing them, may be satisfied.

We decide that the petition must be dismissed.

*George J. West,* for petitioner.

*Edward C. Dubois,* for respondent.