THE BADGER LUMBER COMPANY v. THE MARION WATER SUPPLY, ELECTRIC LIGHT AND POWER COMPANY.

ELECTRIC LIGHT COMPANY — *Mechanic's. Lien.* An electric light company which has a franchise to occupy the streets. of a city with its poles, wires, and lamps, and is engaged in furnishing light to the people of the city, is not so distinctively public in its nature and operations as to exempt its property from the application of the mechanics' lien statute.

### *Motion for Rehearing.*

THE facts are sufficiently stated in *Lumber Co v. Water Co.,* supra, and in the opinion herein, filed at the session of the court in June, 1892.

*King & Kelley,* and *Winslow, McDuffie & Neal,* for the motion.

*Keller & Dean,* contra.

The opinion of the court was delivered by

JOHNSTON, J.: On the first consideration of this case, it was decided that the poles and wires attached to an electric light plant and premises were appurtenances of the same, within the meaning of the mechanics' lien statute, and that persons who furnished labor or material for such appurtenances were entitled to a lien on the whole. Our attention is now called to another question, which was not considered, but which is fairly in the record, viz.: Is the property of an electric light company, having a franchise from the city to

occupy its streets in the transmission of light to the inhabitants of a city, subject to a mechanic's lien?

It is contended that this corporation, like a railroad company, is an instrumentality of the public, authorized and established for the convenience and benefit of the public, and that, on the grounds of public policy and necessity, its operation should not be disturbed or its property subjected to a lien at the instance of a laborer or material-man who has contributed to the building of its plant. If it were conceded that the railroad company and the electric light company are to be placed in the same class of corporations, we would still think that there was no public policy nor necessity which required an exemption of their property from liability to the ordinary process of law or to a mechanic's lien.

The general rule is, that the public property of a municipal corporation is not subject to seizure and sale; and it is generally held that a mechanic's lien cannot be enforced against property which is not subject to sale on execution. The reason for this exemption is, that such corporations are instrumentalities of the government itself, and the seizure and sale of the public property would interrupt and suspend the functions of government, and also that other provisions have been made by law for the collection and payment of public obligations. Corporations, however, such as the one claiming exemption here, although they serve the public convenience to some extent, are not organized merely for public advantage, but are operated largely for the private benefit of the incorporators. In this state such corporations may mortgage or sell their property; and the general rule is, that property of a corporation which may be sold under a mortgage or specific lien given by the owner may be subjected to a mechanic's lien. If a corporation may, by its voluntary act in creating a specific lien, subject its property to seizure and sale, it is difficult to find any substantial objection to allowing and enforcing the claim of a laborer or material man against the same property under the mechanics' lien law.

In some of the states, notably Pennsylvania, (*Foster v.*

*Fowler,* 60 Pa. St. 27; *Guest v. Water Co.,* 21 Atl. Rep. 1001; see, also, *Graham v. Coal Road Co.,* 14 Bush, 425,) it has been held, under their statutes, that a mechanic's lien will not attach to the property of *quasi*-public corporations.   But our statute does not in terms or by implication warrant any such exemption.   The language of the statute is broad and comprehensive, and contains no suggestion of any exemption such as is claimed here.   Under the terms of this statute, it has been held that a lien may be secured on a public school-house erected by a school district. (*Wilson v. School District,* 17 Kas. 104; *School District v. Conrad,* 17 id. 522.)   Although some of the authorities hold in favor of the exemption, because a judicial sale or the enforcement of a mechanic's lien would impair the usefulness of such corporations, and occasion public inconvenience, yet it has been well said that "the evil of withdrawing a vast and constantly increasing amount of the wealth of the country from the reach of creditors has been regarded as so real and serious that the courts have not given it their countenance or support; and at the present day the property of corporations other than municipal, though essential to the enjoyment of the corporate franchises, is most universally treated as subject to execution." (1 Freem., Ex., § 126.   See, also, *Hill v. Railroad Co.,* 11 Wis. 214; *Railroad Co. v. Gilmore,* 37 N. H. 410; *Platt v. Railroad Co.,* 26 Conn. 544; *Coe v. Peacock,* 14 Ohio St. 187; *Lathrop v. Middleton,* 23 Cal. 257; *The State v. Rives,* 5 Ired. 307; *Board of Education v. Greenebaum,* 39 Ill. 609; *Arthur v. Bank,* 17 Miss. 394; *Storage Co. v. Southwark,* 125 Pa. St. 248; Phil., Mech. Liens, § 182.)

The rehearing will be denied.

All the Justices concurring.