## ATASCOSA COUNTY v. JAMES ANGUS.

### No. 6901.

**1.. Builder's Lien Not Enforced Against Public Buildings.**—Builders' and mechanics' liens can only be created against public buildings and grounds when the right is expressly conferred by the statute. The grant of liens against *all buildings* will not be held to include public buildings and grounds unless by the express terms of the statute they are included within its operation.

**2. Same.**—The Legislature has not named this class of public property as affected by such liens, nor prescribed any method by which such liens can be fixed or enforced.

APPEAL from Atascosa. Tried below before Hon. D. P. MARR. The opinion states the case.

*W. J. Bowen*, for appellant.—The court house of Atascosa County and the lot on which it is situated being the property of said county, owned and held only for public purposes, is exempt from mechanics' liens and forced sale. Const., art. 11, sec. 9; Rev. Stats., arts. 2339, 679; City of Laredo v. Nalle, 65 Texas, 362, 363.

No brief for appellee.

FISHER, JUDGE, *Section A.*—James Angus, plaintiff below, brought this suit against Oscar Crawford and Atascosa County. He seeks to recover against Crawford a judgment for the sum of $334, for services rendered by plaintiff in labor expended in erecting the court house of Atascosa County, Crawford being the contractor with the county for the erection of the court house. He asked for judgment against the county of Atascosa, establishing and enforcing a laborer's, builder's, and mechanic's lien upon the court house and public square of the county where said building is situated.

The court below rendered judgment in favor of plaintiff against Crawford for the amount sued for, and against Atascosa County, foreclosing a builder's and mechanic's lien on the court house and public square of said county, with an order of sale of said property to satisfy the judgment. The county of Atascosa alone appeals.

The only question that we consider in disposing of this case is, Do the laws of this State create and permit the enforcement of builders' and mechanics' liens against the court house and public square of a county? The statutes of this State that create liens upon buildings and grounds in favor of builders and mechanics, and that provide the method of enforcing and establishing such liens, do not in express terms grant liens against a court house and public square, or other public building used for public purposes. For reasons of public policy and the public necessity, courts in construing statutes that create

liens against buildings generally do not include within the operation of the statute buildings and grounds used and devoted to public purposes and uses, and that are constructed for such purpose. The weight of authority numerically, and also for the better reason, assert the rule, that builders' and mechanics' liens can only be created against public buildings and grounds when the right is expressly conferred by the statute; that the grant of lien against "all buildings" will not be held to include public buildings and grounds unless they are by the express terms of the statute included within its operation. Benjamin v. Harvey, 70 Iowa, 480; Leonard v. City of Brooklyn, 71 N. Y., 499; Foster v. Fowler, 60 Pa. St., 27; Panola County v. Gillan, 59 Miss., 199; Secrest v. Commissioners, 100 Ind., 59; Commissioners v. O'Conner, 44 Am. Rep., 339; Whiting & Reemer v. Story County, 54 Iowa, 81; Falnet v. School Commissioners, 102 Ind., 224; Thomas v. School District, 71 Ill., 284; Guest v. Water Co., 21 Atl. Rep., 1001; Hovey v. East Providence, 20 Atl. Rep., 205; 2 Jones on Liens, sec. 1375; Phillips' Mech. Liens, sec. 179; 2 Dill. Mun. Corp., sec. 577.

The Legislature in carrying into effect the constitutional provisions on the subject of mechanics' liens has not named this class of public property as affected by such liens; and in providing the method by which those liens are fixed has failed, in the laws that regulate such procedure, to recognize any right to fix liens against such public property as in controversy here.

We conclude the case should be reversed and dismissed as to Atascosa County.

*Reversed and dismissed.*