# JANUARY TERM.

## CHARLESTON.

HALL'S SAFE & LOCK Co. *v.* SCITES, *et al.*

Submitted January 15, 1894—Decided January 20, 1894.

1. MECHANIC'S LIEN—PUBLIC BUILDINGS.

The public buildings of a county are wholly exempt from the operation of the mechanic's lien law and can not be sold under execution or other process.

2. COUNTY COURT.

The County Court of a county can not be compelled by a bill in chancery to issue an order against the county-funds for any debt or claim, just or unjust, against the county. The statutory law furnishes the remedy in all such cases, and it must be strictly pursued.

SIMMS & ENSLOW for appellant.

DENT, JUDGE:

At September rules, 1892, the appellant in this case, Hall's Safe & Lock Company, filed its bill in chancery in the clerk's office of the Circuit Court of Wayne county against the County Court of said county and J. D. Scites and C. L. Wiley, partners doing business under the firm name and style of Scites & Wiley, claiming the right to enforce a mechanic's lien against the court-house and grounds of said county for material furnished by them to said Scites & Wiley, contractors, for the construction of said court-house, and which material so furnished was used in said building, and never paid for, being of the value of one thousand seven hundred and fifty dollars.

The County Court demurred to said bill, for the reason that a mechanic's lien could not attach to a public building, and therefore the bill was without equity. On the 30th day of May, 1893, the Circuit Court sustained the de-

murrer, and dismissed the bill. Thereupon the plaintiff appealed to this court, and assigns the following grounds of error:

"It was error to dismiss said bill upon said demurrer, because, under the law, the plaintiff was in equity entitled to recover from the defendants Scites & Wiley the amount due the plaintiff, and, having complied with the requirements of the statute giving him a lien for materials furnished, and the County Court of Wayne county being indebted to said Scites & Wiley, its contractors, the court should have entered a decree adjudicating the claim, and the order requiring the County Court of Wayne county to pay the same by the issuing of a proper county order, as prayed for in said bill."

The only question raised by this assignment is whether the public buildings of a county may be subjected to a mechanic's lien, as there is no other matter of equity alleged in the bill. There has been no decision by this Court in relation to the question presented, but in many of the states the matter has been judicially determined, and invariably against the right to such lien; and in Phillips on Mechanic's Liens (section 179) the rule as settled by these various decisions is as follows, to wit:

"Property which is exempt from seizure and sale under an execution upon grounds of public necessity must for the same reason be equally exempt from the operation of the mechanic's lien law, unless it appears by the law itself that property of this description was meant to be included; and to warrant this inference something more must appear than the ordinary provisions that the claim is to be a lien against a particular class of property enforceable as judgments rendered in other civil actions." *Board* v. *O'Conner*, 86 Ind. 536 ; *Williams* v. *Controllers*, 18 Pa. St. 275 ; *Poilion* v. *Mayor, etc.*, 47 N. Y. 666 ; *Secrist* v. *Delaware Co.*, 100 Ind. 59 ; *Whiting* v. *Story Co.*, 54 Ia. 81 (6 N. W. Rep. 137); *Panola Co.*, v. *Gillen*, 59 Miss. 198 ; *Bouton* v. *McDonough Co.*, 84 Ill. 384 ; 15 Am. & Eng. Enc. Law, 29.

There is nothing in the statutory law of this state, that indicates in any way, that it was the intention of the legislature, that public building should be subject to mechanic's

liens as other buildings ; on the contrary, there is every inference against such intention.    The County Court is not the owner of the county buildings   They belong to the citizens of the county and are to be held and used in trust for public purposes alone.    Section 43, c. 39, of the Code provides :   "The lands, buildings, furniture and books belonging to a county and used for county purposes, shall not be subject to execution or other process," thereby clearly exempting such property from sale in any manner or for any purpose, and hence no mechanic's lien could in any manner attach thereto.

Public policy and necessity both sustain this law.    If such things were permitted, counties would be in continual litigation about their properties, either from just or unjust demands, and the public business would be greatly interfered with and hindered, to the great detriment of the innocent tax-payers.

The assertion that, while the plaintiffs would not have the right to sell the property, yet they would have the right to have their alleged mechanic's lien enforced to the extent of requiring the County Court to issue an order for the amount claimed by them out of funds due from the county to Scites & Wiley, is untenable.    The bill contains no allegation that the county is in any manner or to any extent indebted to Scites & Wiley, nor can it be regarded either as a garnishee process or as a petition for a *mandamus* to compel the County Court to issue an order for the sum demanded.

A mechanic's lien can not attach to property, the sale of which the law forbids, and, this being the only ground of equity set up in the bill, the Circuit Court committed no error in sustaining the demurrer, and dismissing the same. Therefore the decree complained of is affirmed, with damages and costs, as the law directs.