## HUTCHINSON v. KRUEGER *et al.*

No. 1661.    Opinion Filed May 14, 1912.

(124 Pac. 591.)

1.    **MECHANICS' LIENS—Property Subject—Public Buildings.** In the absence of a statute in express terms authorizing it, there can be no mechanic's lien on the public buildings of a state, or the subdivision thereof, since such lien would be contrary to public policy and incapable of enforcement.

2.    **STATUTES—Construction—General Rules.** While it is the general rule that the Legislature of one state, in adopting a statute of another state, is presumed to have adopted the construction placed on such statute by the highest court of such other state prior to its adoption, yet this rule has its exceptions, first, where the construction is contrary to the Constitution or the well-defined legislative policy of the adopting state; second, where the adopted statute exists in many other states and such construction is contrary to the decided weight of authority in such other states having substantially the same statute.

3.    **MECHANICS' LIENS — Construction — Subject-Matter.** Where the condition of a bond is "to pay all claims for labor and material contracted in the erection of said county jail building to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and buildings," etc., held, that the obligation of the bond extended only to such claims as "might become liens," and that the sureties were not liable on account of claims that are not and could not become liens.

(Syllabus by Brewer, C.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Suit by B. Z. Hutchinson against Robert Krueger, The Missouri Heating & Construction Co., a corporation, J. H. Webb, Hans Stoudt, John Erickson, John R. Harris, D. M. Hadlock, and James Marrinan. Judgment for defendants, and plaintiff brings error. Affirmed.

*Weaver & Scothorn* and *G. N. Longfellow,* for plaintiff in error.

*Shartel, Keaton & Wells* and *S. A. Horton,* for defendants in error.

Opinion by BREWER, C. This is a suit on a building contractor's bond. It grew out of the building of the Oklahoma county jail. The bond appears to have been given and the conditions stated under the provisions of section 6163, Comp. Laws 1909, which provides that the contractor or owner may execute a bond to the state for the use of all persons in whose favor liens may accrue for furnishing labor or material. This section of the statute manifestly was intended to apply to other than public buildings, and the bond may or may not be given, as the contractor or owner elects. If given in compliance with the law, it discharges the liens. The obligation of the bond in this suit is:

"Now, if the said Robert Krueger shall pay all claims for labor and material contracted in the erection of said county jail building to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and building, then this bond to be void, otherwise to remain in full force and effect in law for the use and benefit of any person in whose favor liens might accrue."

A demurrer was sustained in the lower court to this petition, evidently upon the ground that the petition did not state facts sufficient to show a liability on the bond.

It is clear that, if the claims for labor or material alleged to have been furnished could not be the basis of a lien against the building, then there was no obligation upon the bondsmen under the condition named in the bond. The trial court evidently was of the opinion that the claim in suit could not be the basis of a lien against the county jail, which is, of course, a public building. Two reasons might be urged in support of this contention: First, that the petition shows that plaintiff is neither a contractor, subcontractor, nor a laborer or artisan in the employ of the contractor, the class specifically protected by the language of the statute, but that his petition discloses that he is a subcontractor of a subcontractor, and therefore, if the statute is strictly construed, that plaintiff would not come within the terms of the statute, and could therefore assert no lien. There is authority supporting this contention, but there is authority and strong reasons against it, and it is unnecessary to determine that precise point.

There is, however, another contention why the claim in this case could not afford the basis of a lien; *i. e.,* that such a lien cannot arise against a public building whose use is strictly a public use. On this question the general rule is that the public property of a state, county, or municipality, acquired and used by and for the benefit of the public, is not subject to seizure or sale, and that a mechanic's lien does not lie and cannot be enforced against property which is not subject to sale on execution. The reasons assigned for this exemption are that the seizure and sale of such property would interrupt and suspend the functions of government and would therefore be against public policy, and also that other provisions of law, and other means, are available for the collection and payment of public obligations.

The general rule that a lien will not lie against public property devoted exclusively to public use has been almost universally adopted in the various states of the Union, and has been announced by all of the American text-writers discussing mechanics' liens whose works we have been able to examine. Boisot on Mechanics' Liens at section 208:

"There can be no mechanic's lien on public property unless the statute creating such lien expressly so provides, since such a lien would be contrary to public policy, and also would be incapable of enforcement; public property not being subject to forced sale. For this reason there can be no mechanic's lien on a county courthouse nor on county buildings," etc.

Jones on Liens says at section 1375, vol. 2:

"On grounds of public policy the mechanic's lien laws do not, in the absence of express provisions, apply to public buildings erected by states, counties, and towns for public use," etc.

Bloom on Mechanic's Liens at section 192 is to the same effect. Rockel on Mechanic's Liens at section 10 is to the same effect. Phillips on Mechanic's Liens at sections 179 and 179 (a) is to the same effect. 27 Cyc. at pages 25 and 26 states the same rule. 20 Amer. & En. Ency. L. (2d Ed.) p. 295, states the same rule.

Alabama: In *Nunnelly v. Dorand,* 110 Ala. 539, 18 South. 5, a schoolhouse being involved, the court say: "The authorities are many and uniform against the right to declare a lien upon

such property." Arkansas: Such lien cannot be enforced against a school building. *Fluty v. School District,* 49 Ark. 94, 4 S. W. 278. Nor against a courthouse. *Riggin v. Hillard,* 56 Ark. 476, 20 S. W. 402, 35 Am. St. Rep. 113. California: In *Mayrhofer v. San Diego,* 89 Cal. 110, 26 Pac. 646, 23 Am. St. Rep. 451, the court say: "No public property or building is subject to a mechanic's lien," etc. Colorado: In *Florman v. El Paso County,* 6 Colo. App. 319, 40 Pac. 469, the right to a lien on a school building was denied on the ground that the relation sustained by the school district to the school property was not that of owner. · Connecticut: In *National F. P. Co. v. Town of Huntington,* 81 Conn. 632, 71 Atl. 911, 20 L. R. A. (N. S.) 261, 129 Am. St. Rep. 228, the right to a lien was denied although the statute was broad enough to include all buildings. Georgia: In *Neal Millard Co. v. Chatham Academy,* 121 Ga. 208, 48 S. E. 978, it was held that, in the absence of an express statute authorizing it, a mechanic's lien could not exist against public property. In that case a school building was involved. Indiana: In *Townsend et al. v. Cleveland Fire Proofing Co. et al.,* 18 Ind. App. 568, 47 N. E. 707, it is said: "A mechanic's lien can neither be acquired nor enforced upon or against property held for public use." Iowa: In *Breneman v. Harvey et al.,* 70 Iowa, 479, 30 N. W. 846, it was held that such lien could not be enforced against a county; this was a county bridge case, the court following *Loring & Co. v. Small et al.,* 50 Iowa, 271, 32 Am. Rep. 136, and *Lewis v. Chickasaw County,* 50 Iowa, 234, which involved a county building. Illinois: *Chicago v. Hasley,* 25 Ill. 595, holds that public municipal property cannot be sold under process. Kentucky: The rule is conceded in *Noonan v. Hastings,* 101 Ky. 312, 41 S. W. 32, 72 Am. St. Rep. 419. Massachusetts: In *Lessard v. Revere,* 171 Mass. 294, 50 N. E. 533, it is held that the general words of the lien statute do not include school buildings. Michigan: Follows the rule in *Knapp v. Swaney,* 56 Mich. 345, 23 N. W. 162, 56 Am. Rep. 397. Minnesota: In *Burlington Mfg. Co. v. Board, etc.,* 67 Minn. 327, 69 N. W. 1091, the doctrine is applied in a courthouse case. Montana: Holds that the general words of the statute, which are

broad enough to include all property in the state, do not apply to school property, in *Whiteside v. School Dist.*, 20 Mont. 44, 49 Pac. 445. Mississippi: In *Panola County v. Gillen et al.*, 59 Miss. 198, the rule is announced in a courthouse case. Missouri: In *St. Louis v. O'Niel Lbr. Co.*, 114 Mo. 74, 21 S. W. 484, the rule is stated in the text. Maine: In *Goss Co. v. Greenleaf et al.*, 98 Me. 436, 57 Atl. 581, in construing the mechanic's lien statute, which was broad enough in its language to cover and include all property in the state, the court says:

"It is an established canon of statutory interpretation that the state, the public, is not to be considered as within the purview of a statute unless expressly named therein, however general and comprehensive the language otherwise."

"Second, as a corollary, public buildings, buildings constructed by the state or by a political subdivision of the state for public purposes and not for pecuniary profit, are not to be considered as within the purview of the statute imposing a lien on buildings in certain cases unless they are expressly named as included."

Nebraska: In *Ripley v. Bd. County Commissioners of Gage County*, 3 Neb. 397, it was held that the statute giving a lien on any building in the state, etc., did not apply to a county courthouse. New Jersey: In *Frank et al. v. Freeholders*, 39 N. J. Law, 347, the rule is admitted, but under a special statute the workman was allowed to sue the owner, a. municipality, and impound the money in its hands due the contractor. New York: In *Leonard v. Brooklyn*, 71 N. Y. 498, 27 Am. Rep. 80, the rule is announced, but there have been statutory enactments requiring a modification of the rule in certain cases. North Dakota: In *Arrison v. Company D.*, 12 N. D. 554, 98 N. W. 83, 1 Ann. Cas. 368, it is stated:

"There is a well-settled rule resting upon grounds of public policy that mechanic's lien laws do not, in the absence of express provisions, apply to public buildings erected by states, counties, and towns for public use."

North Carolina: In *Snow and Ellington et al. v. Bd. County Commissioners*, 112 N. C. 335, 17 S. E. 176, the rule was applied in a courthouse case. Oregon: In *Portland Lbr., etc., Co. v. School District*, 13 Ore. 283, 10 Pac. 350, the rule is

based on the ground of public policy.  See, also, *First National Bank v. County of Malheur*, 30 Ore. 420, 45 Pac. 781, 35 L. R. A. 141, and note.  Pennsylvania:  In *Foster & Co. v. Fowler & Co.*, 60 Pa. 27, the exemption from liability on a mechanic's lien was extended to the property of a quasi public corporation necessary in operating a system of waterworks by which it furnished water to a municipality.  Rhode Island:  In *Hovey v. East Providence*, 17 R. I. 80, 20 Atl. 205, 9 L. R. A. 156, the rule was applied to a schoolhouse.  Texas:  In *Atascosa County v. Angus*, 83 Tex. 202, 18 S. W. 563, 29 Am. St. Rep. 637, the rule is followed in a courthouse case.  Utah:  In *Bd. of Education v. Salt Lake P. B. Co. et al.*, 13 Utah, 211, 44 Pac. 709, it is followed in a schoolhouse case.  Virginia:  In the case of *Manly Mfg. Co. v. Broaddus et al.*, 94 Va. 547, 27 S. E. 438, the rule was followed in a county jail case.  West Virginia:  It was held in *Hall Safe, etc., Co. v. Scites*, 38 W. Va. 691, 18 S. E. 895:

"The public buildings of a county are wholly exempt from the operation of the mechanic's lien law and cannot be sold under execution or other process."

Wisconsin:  In *Wilkinson v. Hoffman, imp.*, 61 Wis. 637, 21 N. W. 816, a lien on the city waterworks was rejected by the court on grounds of public necessity and convenience.

We have made this somewhat extensive collection of the views expressed in the various states for the reason that the point has not had the consideration of this court, or of its predecessor, the territorial Supreme Court, and because it is a question of considerable concern to the people of the state, and further because Kansas, the state from whence our lien laws were imported, has held otherwise.  We will therefore consider the Kansas decisions and whether they are of binding force on this court.  In doing so we are not unmindful of the general rule that the Legislature of one state, in adopting a statute of a sister state, is presumed to have adopted also the construction of such statute placed thereon by the court of last resort of such sister state.  *National L. S. Com. Co. v. Talliaferro*, 20 Okla. 177, 93 Pac. 983, and cases cited.  The question

seems to have had the consideration of the Kansas Supreme Court in *Emory Wilson v. School District No. 2,* 17 Kan. 104. In that case the court held that a lien could be created on a public school building. This decision was based on the mechanic's lien law enacted in 1872 and prior to the enactment of certain amendments thereto in 1887 and which were part of the law adopted by the territory of Oklahoma in 1893. In that decision, establishing the rule in Kansas, the learned justice who wrote the opinion discussed the question but briefly, citing a few authorities contrary to the rule he announced, and the case of *Shattell v. Woodward,* 17 Ind 225, as supporting the rule he announced. The Indiana case cited was a *per curiam* opinion consisting of ten lines which included a statement of the case and the order to remand. No authority is cited and no reason for so holding given, and it is no longer, if indeed it was ever, followed by the Indiana court. The rule announced in *Wilson v. School District, supra,* by the Kansas court, was considered and held to be "against the general current of decisions" by the Supreme Court of Massachusetts in *Lessard v. Revere, supra.* After the decision, however, of the Wilson case, *supra,* the Kansas Supreme Court seems to have followed it in a number of decisions, some of them being *School District v. Conrad,* 17 Kan. 522, and in *Badger Lbr. Co. v. Marion Water, etc., Co.,* 48 Kan. 187, 29 Pac. 476, 15 L. R. A. 652, 30 Am. St. Rep. 301, where the question was whether a mechanic's lien would lie against a corporation furnishing light and water to a city, it being contended that it did not on account of its quasi public character. The lien was sustained, and *Wilson v. School District, supra,* was referred to, but the court added:

"The general rule is that the public property of a municipal corporation is not subject to seizure and sale, and it is generally held that a mechanic's lien cannot be enforced against property which is not subject to sale on execution. The reason for this exemption is that such corporations are instrumentalities of the government itself, and the seizure and sale of the public property would interrupt and suspend the functions of government, and also that other provisions have been made by law for the collection and payment of public obligations."

These decisions of the Kansas court are not controlling here under even a strict interpretation of the rule regarding former construction of adopted statutes, for the reason that the statute construed had been materially changed by amendment after the decisions and before adoption here. These amendments consist of three sections—6163-6165, Comp. Laws 1909. The first (6163) provides that the owner of a building, or the contractor building it, may execute a bond to the state for the use of lienholders or persons entitled to liens, and, if such bond is filed in conformity to the statute, the liens are discharged. The bond permitted under this section (which relates to private property) is conditioned "for the payment of all claims *which might be the basis of liens."* Section 6164 provides:

"Whenever any public officer shall, under the laws of this state, enter into a contract * * * for constructing any public building * * * such officer shall take from the party contracted with a bond * * * in a sum not less than the total of the contract, conditioned that such contractor * * * shall pay all indebtedness incurred for labor or material furnished in the construction of said public building * * * "

Section 6165 gives the person furnishing labor or material for a public building the right to sue on the bond provided for in the last section, but the suit must be brought within six months after the completion of the public building.

It appears to us not only reasonable, but very probable, that the amendment by the Legislature of Kansas, providing that in cases of public buildings the officer letting the contract *shall in all cases* take a bond in the full amount of the contract, grew out of, and was intended to supplant, the rule announced previously by the courts of that state holding that liens would lie against public property; thus affording on the one hand as good if not a better security to the laborer or materialman than a lien would afford, and on the other hand bringing Kansas into harmony with the practically universal rule in the United States and England that such liens would not lie against the public property of the state or its subdivisions.

This court is at liberty to construe this section for itself, as it had not been considered by Kansas when adopted here. It is

true that soon after its adoption here the Supreme Court of Kansas did consider it in *Bd. of Com'rs v. Snodgrass & Young, etc.,* 52 Kan. 253, 34 Pac. 741, and arrived at the conclusion that, notwithstanding its language, the old rule that such liens would lie would not be disturbed; but in discussing the matter the justice writing the opinion referred to the former opinions of the court and the eminence of the justice who originally announced the rule and then almost apologetically adds: "It (the rule) has been followed so many times by the court that, under all of the circumstances, we deem it best to adhere to it." And we might add that, even if the statute came here fully construed, the well-established rule stated above regarding the adoption of the construction of a statute along with the statute has, like nearly all rules, its exceptions. For instance, if the construction placed on an adopted statute is not in harmony with the Constitution or the public policy of the adopting state, or is contrary to the decided weight of authority in other states construing substantially the same statute, the courts of the adopting state are not required to blindly follow such construction.

An exhaustive consideration of this question has been given by the Supreme Court of Kansas in the case of *State v. Campbell,* 73 Kan. 688, 85 Pac. 784, 9 L. R. A. (N. S.) 533, 9 Ann. Cas. 1203, in which authorities are collected and from which we quote:

"We recognize the force of the rule that where one state adopts a statute from another state it adopts the construction placed thereon by the courts of that state. But this is a general rule to which there are numerous exceptions. It is not an absolute rule. In *Dixon v. Ricketts,* 26 Utah, 215, 72 Pac. 947, it was said: 'It is a general, though not a binding, rule of statutory construction that, where the provisions of a statute have received judicial construction in one state, and it is then adopted in another state, it is adopted with the construction so given it.' (Syllabus.) See, also, *Davis Iron Wks. Co. v. White,* 31 Colo. 82, 71 Pac. 384; *Coulam v. Doull,* 4 Utah, 267, 9 Pac. 568. Endlich on the Interpretation of Statutes, sec. 371, says: 'Whilst admitting that the construction put upon such statutes by the courts of the state from which they are borrowed is entitled to respectful consideration, and that only strong reasons will warrant a departure from it, its binding force has been wholly denied and it has been asserted that a statute of the kind in question stands

upon the same footing and is subject to the same rules of interpretation as any other legislative enactment. And it is manifest that the imported construction should prevail only in so far as it is in harmony with the spirit and policy of the general legislation of the home state, and should not, if the language of the act is fairly susceptible of another interpretation, be permitted to antagonize other laws in force in the latter or to conflict with its settled practice.' Thus it has been held that the presumption will not be indulged where other jurisdictions having the identical or substantially the same provision had, almost without exception, given to the language a different construction long prior to the adoption in question. 26 A. & E. Ency. of L. 703. It has been held that where the statute is not peculiar to the state from which it was adopted, but other states have substantially the same statute which their courts have construed differently, and when the construction placed upon it by the courts of the state from which it was taken is contrary to the weight of authority, the decision is not binding. In *Coad v. Cowhick et al.*, 9 Wyo. 316, 63 Pac. 584, 87 Am. St. Rep. 953, the court construing a statute adopted from Ohio refused to follow a decision of the latter court holding a judgment not a lien upon after-acquired lands of the judgment debtor. The reasons stated by the Wyoming court were that the statute under consideration was not peculiar to Ohio, as other states had similar provisions using the identical words or language the same in substance, and because it considered the decision of the Ohio court to be opposed to the best reasoning and the weight of authority. In volume 3 of Current Law, p. 739, it is said: 'A statute copied from a similar statute of another state is presumed to be adopted with the construction it had already received. The presumption, however, is not conclusive, and, where the same provision exists in several states, there is no presumption that the construction of any particular state was in view.' "

We think, with what has been said, it sufficiently appears that Kansas stands almost alone in holding to the rule that liens will lie against public property devoted solely to the use of the public. It is not a question on this point of counting or weighing with care the decisions to ascertain the weight of authority, for the decisions are practically uniform against the Kansas rule. Indeed, with the examination we have made, it finds no support except in a few states that have express statutes permitting such liens, and in Louisiana, where the rule was announced in *Mc-*

*Knight v. Parish of Grant,* 30 La. Ann. 361, 31 Am. Rep. 226. In that case there is but meager discussion and no authorities cited.

This brings us to consider the exact point in this case—whether the petition in this case stated a cause of action on the bond sued on. It will be observed that this bond was not given under, or conditioned in accordance to, the statute relating to public buildings, but was evidently prepared on a form used for private owners where liens obtain. The condition named in the bond, "shall pay all claims for labor and material * * * to each and all persons entitled thereto, and which claims might be the basis of liens on said lots," etc., shows clearly, we think, that the obligation to pay claims extended only to such claims as could be made liens on the public building. That in no event could such claims be the basis of liens on the county jail we think has been demonstrated. And unless we could expand the obligation these sureties undertook in writing to perform, or by ingenious construction of words that explain themselves arrive at the same result, we think there was no liability shown in the petition. In Brandt on Suretyship and Guaranty, vol. 2 (3d Ed.) sec. 748, it is said: "The contract of a builder's surety is strictly construed. The surety is bound only by the terms of his engagement."

For the reasons stated, the cause should be affirmed.

By the Court: It is so ordered.