**TOM DOLAN HEATING CO., a corporation, Plaintiff in Error,**

v.

**PUBLIC SERVICE COMPANY of Oklahoma, a corporation, Defendant in Error.**

No. 42218.

Supreme Court of Oklahoma.

Jan. 26, 1971.

Shirk, Withington, Work & Robinson, Oklahoma City, for plaintiff in error.

Robert L. Lawrence, T. M. Markley, and Everett L. Cunningham, Tulsa, for defendant in error.

IRWIN, Justice:

The only issue presented in this appeal is whether the property of a public service corporation is subject to the mechanics and materialmen lien laws of this State. We hold that it is and reverse the judgment of the trial court.

The parties stipulated that: Public Service contracted with Advance Air Conditioning Company (Advance) for erection of improvements on its property; Advance contracted with Tom Dolan Heating Company, (Dolan) to furnish the materials; Dolan furnished the materials and they were installed and became a part of the improvements of Public Service. Public Service paid the full contract price to Advance but payments made by Advance to Dolan were applied to the oldest items on Advance's open account with Dolan as neither Public Service nor Advance made a direction for the application of the payments. Dolan timely filed and perfected its lien.

Dolan instituted the action against Public Service to establish its lien against the property of Public Service and to obtain a judgment against Advance for the balance due and owing for the materials furnished.

The trial court rendered judgment in favor of Dolan against Advance and that judgment has become final. The trial court found, that under the holding in Pittsburg Equitable Meter Company v. Cary, Circuit Court of Appeals, Tenth Circuit, 67 F.2d 65, Dolan was not entitled to a lien against the property of Public Service. Dolan has appealed from the order overruling its motion for a new trial.

The principal issue in Pittsburg, supra, was whether Pittsburg, who had furnished gas meters to a public service corporation, was entitled to a lien against the property of the public service company under the general lien law of Oklahoma. The trial court had denied Pittsburg's lien and on

appeal to the Circuit Court of Appeals, the judgment was affirmed on the grounds that public policy forbids a lien against the property of a quasi public corporation. In reaching this conclusion, the Circuit Court said that the same public policy which forbids a lien against the property of a quasi public corporation would be equally applicable to a corporation obligated to furnish public service.

In Hutchinson v. Krueger, 34 Okl. 23, 124 P. 591, we held that in the absence of a statute in express terms authorizing it, there can be no mechanic's lien on the public buildings of a state, or the subdivisions thereof, since such lien would be contrary to public policy and incapable of enforcement. In Hutchinson we pointed out that the general rule is that public property of the state, county, or municipality, acquired and used by and for the benefit of the public is not subject to seizure for sale, and that a mechanic's lien does not lie and cannot be enforced against property which is not subject to sales on execution.

The term "public policy" has been said to mean the law of the state as found declared in its constitution, its statutory enactments and its judicial records. Board of County Com'rs of Tulsa County v. Mullins, 202 Okl. 628, 217 P.2d 835. Our statutory mechanics and materialmen lien laws, 42 O.S.1961, § 141 et seq., are silent concerning their applicability to the property of public service corporations. However, the lien laws would be applicable to the property of public service corporations, unless public policy prohibits their application. In our opinion, our Constitution clearly sets forth the public policy of this State concerning our lien laws as the same are applicable to the property of public service corporations. Art. IX, § VII, of our Constitution, provides:

"The rolling stock and all other movable property belonging to any railroad, transportation, transmission, or other public service corporation in this State, shall be considered personal property, and its real and personal property, or any part thereof, shall be liable to execution and sale in the same manner as the property of individuals; and the Legislature shall pass no laws exempting any such property from execution and sale."

This constitutional provision was not considered or discussed in Pittsburg Equitable Meter Company, supra. In Oklahoma Ry. Co. v. Severns Paving Company, 67 Okl. 206, 170 P. 216, we held that under the above constitutional provision all real and personal property, or any part thereof, belonging to a public service corporation, is liable to execution and sale in the same manner as the property of individuals.

When, by constitutional mandate, the real and personal property belonging to a public service corporation, is liable to execution and sale in the same manner as the property of individuals, this Court may not hold that public policy prohibits the application of the mechanics and materialmen lien laws to the same property. We hold that the real and personal property belonging to a public service corporation is subject to the mechanics and materialmen lien laws of the State and that the trial court erred in denying Dolan's lien against the property of Public Service.

The parties stipulated in the trial court that a reasonable attorneys fee to the prevailing party to the action would be $300.00. Public Service, being the prevailing party in the trial court was given judgment against Dolan for this sum as a reasonable attorneys fee.

The judgment of the trial court is reversed with directions to vacate the judgment in favor of Public Service against Dolan and enter judgment for Dolan as prayed for in its petition, together with attorneys fee in the sum of $300.00.

On application of Dolan, Dolan is granted an additional attorneys fee in the sum of $500.00 for the successful prosecution of this appeal. Said sum to be taxed as costs.

Reversed with directions.

All the Justices concur.