CURRY vs. THE MAYOR AND ALDERMEN OF SAVANNAH.

The property of a municipal corporation in the use of the municipality for the public, or held for future use for the public, is not subject to levy and sale under execution.

Municipal corporations. Levy and sale. Before Judge TOMPKINS. Chatham Superior Court. October Term, 1878.

Several justice court *fi. fas.* in favor of Curry against the Mayor, etc., of Savannah, were levied on a house and lot. Defendant filed an affidavit of illegality to each *fi. fa.*, one ground of illegality being that defendant is a municipal corporation "and owns the said property levied on in that capacity and in the performance of its functions in the administration of the powers of government delegated to it; and so the deponent says that the said land is not subject to levy and sale under execution." On the hearing before the magistrate, he rendered judgment for the plaintiff, and defendant appealed. In the superior court plaintiff filed a traverse to the affidavits, but it was dismissed as coming too late. All the cases were heard together. By

consent the affidavit of illegality was amended by adding that the property levied on "had been used for a place for keeping a fire-engine and apparatus under the ordinances of said city, and were at the date of levy held, and likely to be used, for such municipal purposes again, but were not in such actual use nor used in any manner at the moment of levy."

Plaintiff demurred to the amended affidavit; the demurrer was overruld, and the levies dismissed. Plaintiff excepted.

W. W. MONTGOMERY, by brief, for plaintiff in error, cited "Reporter," vol. VII, p. 500; Dillon on Mun. Corps., §§446, 615 *a*, and note, 686; 33 La. An., 61: 17 Wallace, 332-3-4; Code, §§4856, 4857.

W. D. HARDEN, for defendant, cited, Code, §§1672, 4856-7; Dillon on Mun. Corps , §§446, 100, 39, 64, 65 and note, 715; "Reporter," vol. VII., p. 500; 34 N. J., 131, 133.

JACKSON, Justice.

The sole question is, whether a certain lot and tenement formerly in use for a fire-engine by the city authorities and still held by them for future use in like manner and purpose, is liable to be levied upon and sold by the sheriff under a *fi. fa.* issued upon a common law judgment?

We think that all property held by the city authorities for the public use, health or enjoyment of the people of the city, is not so liable to levy and sale. Further, we are of the opinion that all property of every kind held by the municipality is presumptively for the public use, and whilst perhaps the presumption may be overcome on proof that the corporation is holding it for other purposes, as a mere investment to reap profits and save taxes, and with no ulterior purpose to apply the investment to the use or enjoyment of the public thereafter, yet the *onus* would be upon

the plaintiff in execution to make that proof. If made, then the property so held with no purpose to use it for the public at the time. of the levy or thereafter, might be subjected to pay the debt by that process.

See *Adams et al. vs. City of Rome,* 59 *Ga.,* 765 ; *Fleishel & Kimsey et al. vs. Hightower et al.,* last term.

The Maryland case goes even further and .exempts all property held by a municipality for any purpose. .Darling *vs.* City of Baltimore, 48 Md., Law Reporter, vol. VII, p. 500.

Our opinion given above goes far enough on the same line for all practical purposes and is, we think, sound and reasonable.

Judgment affirmed.