## CAMP v. WIGGINS.

1. **Assignment:** STIPULATION AGAINST: WAIVER. A contract made by defendant to convey land to B. upon the payment of certain installments of purchase-money and the execution of a mortgage by B. to secure the balance, provided that it should not be assigned without the consent of the defendant, but it was assigned to plaintiff without such consent. *Held* that, by accepting from plaintiff subsequent installments of the purchase-money, defendant waived the provision against assignment, and could not set up a breach of it as a defense to an action for specific performance, brought by plaintiff, upon his performing the conditions obligatory upon B. in the original contract.

2. **Payment:** TO PARTICULAR PERSON: WAIVER. Notes given for the installments of purchase-money for land to be conveyed as per contract were made payable at the office of W., who was a lawyer, and a member of the firm of N. & W. The notes were left with the firm for collection. Afterwards the firm was dissolved, and N., continuing in business, kept the notes for collection, and payment was made to him. *Held* that the owner of the notes could not repudiate this payment on the ground that it was not made to W., for, by leaving the notes in the hands of N. & W. for collection, N. was authorized to bind him by receiving payment.

*Appeal from Wright District Court.*

SATURDAY, OCTOBER 15.

ACTION in equity, and judgment for the plaintiff, and defendant appeals.

*Williams & Baker*, for appellant.

*Nagle & Birdsall*, for appellee.

SEEVERS, J.—This action is in equity for the specific performance of a contract, whereby the defendant sold and agreed to convey to one Broffle certain real estate upon the payment of the purchase-money. Time was made the essence of the contract, which also provided that "no right under this agreement shall be assignable without the written assent of said Lydia F. Wiggins." The contract was assigned by Broffle to the plaintiff, who claims to have fully performed

on his part, and therefore asks a specific performance, although the evidence fails to show that the defendant consented in writing to such assignment.

I. Counsel for appellant insist that the plaintiff is not entitled to specific performance, because the contract was assigned without the defendant's written consent. The contract provides that the purchase-money should be paid in yearly installments, commencing on the 1st day of January, 1881, and ending on the 1st day of January, 1888, and it was assigned in January, 1882, and in that same month the appellant, as we find, was advised or notified of such assignment. Having such knowledge, she received the money due in January, 1883 and 1884, of the plaintiff. She therefore cannot resist specific performance on the grounds above stated. The receipt of money, under the circumstances, amounted to a waiver of the condition. *O'Keefe v. Kennedy*, 3 Cush., 325; *Porter v. Merrill*, 124 Mass., 534; *Olcott v. Heermans*, 3 Hun., 431; *Viele v. Germania Ins. Co.*, 26 Iowa, 9.

<span style="font-variant: small-caps">1. Assignment: stipulation against: waiver.</span>

II. Counsel for the appellant insist that the plaintiff failed to make the payment due on the 1st of January, 1885, and therefore the right of forfeiture existed and was exercised. The contract was executed in 1880, and for the unpaid purchase-money Broffle executed promissory notes, " payable at the office of N. F. Webber, Clarion, Iowa." Mr. Webber is an attorney at law, and from 1881 to November, 1884, he was in partnership with Mr. Nagle, and the notes were in the hands of Nagle & Webber for collection. To them the plaintiff paid the notes due in 1882, 1883 and 1884. When the firm of Nagle & Webber dissolved, the notes remained in the hands of Mr. Nagle, to whom the plaintiff paid the note due in January, 1885; and said money was tendered to the defendant on the condition that she convey the land to the plaintiff upon the execution of a mortgage by him to secure the unpaid pur-

<span style="font-variant: small-caps">2. Payment: to particular person: waiver.</span>

chase-money, as provided in the contract. Webber did not have the possession of the notes, but Nagle did, and by leaving them in the hands of the latter the defendant waived the stated condition. Besides this, we are unable to see that defendant was prejudiced by such payment, of which she had knowledge; and when the money was tendered to her she did not refuse it on the ground that it had not been paid to Webber. The defendant waived the condition that the mortgage to secure the unpaid purchase-money was SAME AS NO. 1. to be executed by Broffle, when she obtained knowledge of the assignment of the contract, and afterwards received the money due thereunder of the plaintiff, who, we find, fully performed, or offered to perform, on his part. The judgment of the district court fully and amply protects and gives the defendant all the rights she is entitled to, and therefore is AFFIRMED.