# Huntley Manufacturing Co. and The Arlington & Curtis Manufacturing Co. v. Michigan Central Railroad Co. et al.

1. MECHANICS' LIENS—*Application of the Law to Railroad Corporations.*—The general mechanic's lien act applies to property owned by railroad corporations when such property is in no way essential to the operation and maintenance of the road, and if the severing it from the road will not prevent the continuance of the business of the road as a carrier.

2. RAILROADS—*Applicability of the Mechanic's Lien Law.*—As a general rule the ordinary mechanic's lien laws do not embrace railroads.

3. SAME—*Railroad Property, When Subject to Mechanics' Liens.*—The mere fact that a building upon which it is sought to enforce a lien is of use to a railroad corporation in its business will not operate to bring it within the protection of the general rule if, from its nature, the property can be sold to satisfy the lien without interrupting the continual operation of the road.

**Proceedings under the Mechanic's Lien Act.**—Trial in the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Judgment on demurrer for defendant and bill dismissed for want of equity.   Appeal by complainant.   Heard in this court at the March term, 1898.   Reversed and remanded.   Opinion filed May 9, 1898.

## STATEMENT.

This is a suit to enforce a mechanic's lien.   The Simpson & Robinson Company, as general contractor, erected and

388     APPELLATE COURTS OF ILLINOIS.

VOL. 76.]     Huntley Mfg. Co. v. Mich. Central R. R. Co.

equipped a building for appellee.  The building was to be used as a grain elevator, and was built upon a tract of land adjoining the tracks of appellee and being the property of appellee.

Fairbanks, Morse & Co. filed an original petition to enforce a lien as a sub-contractor.  Appellant, with leave of court, filed its intervening petition to enforce its alleged lien as a sub-contractor.  By the intervening petition, as finally amended, appellant alleged that it was engaged in the business of manufacturing certain kinds of machinery used in grain elevators, and that the Simpson & Robinson Company had applied to it to furnish certain materials and machinery for use in appellee's elevator, situated upon the land described in the bill of complaint; that it entered into a contract with said Simpson & Robinson Company to furnish same, and afterward delivered same at appellee's building; that the materials and machinery delivered were accepted by both the Simpson & Robinson Company and appellee, and that said materials and machinery were actually used in the equipment of said elevator and are a valuable and permanent improvement to said elevator building; that payment of the contract price was demanded of the Simpson & Robinson Company by appellant, and that it had failed to pay said claim; that notice of lien was duly served on appellee; that appellant was a sub-contractor on said elevator building.  The petition also sets up that the contract entered into between the Simpson & Robinson Company and appellee was to be performed within three years from the date thereof; that the contract entered into between appellant and the Simpson & Robinson Company was oral; that the same was completed in less than a year; that appellant caused the notice to be served on appellee, the owner of the premises on which the lien is claimed, on June 5, 1896, which was less than sixty days from the date stated, on which the work was completed and delivered to the Simpson & Robinson Company and to appellee, viz., April 25, 1896.

The petition further sets up that on or about April 30,

1896, there was $10,000 due and owing to the Simpson & Robinson Company from appellee; that neither the Simpson & Robinson Company nor appellee performed the duty imposed upon each by section 5 of the act to revise the law in relation to mechanics' liens, viz., to furnish to the owner a statement under oath by the contractor, giving number, names, etc., of sub-contractors, etc.; that appellant did not waive its right to a lien, nor agree to look solely to the contractor, the Simpson & Robinson Company; that section 33 of said act relating to mechanics' liens applied, and payments, if any were made by appellee to the contractor, were not rightfully made as against this petitioner. A copy of the notice for lien which was served on appellee is attached to the petition. The record shows that the petition was filed within the time limited by the statute.

To the intervening petition, as amended, appellee demurred, the demurrer was sustained by the trial court, and the petition was dismissed for want of equity. From this decree appellant prosecutes the appeal here.

WILBER, ELDRIDGE & ALDEN, attorneys for Huntley Mfg. Co., and SMOOT & EYER, attorneys for A. & C. Mfg. Co., appellants.

WINSTON & MEAGHER, attorneys for appellee; FREDERICK R. BABCOCK, of counsel.

There can be no mechanic's lien on public property, unless the statute creating such lien expressly so provides. Such a lien would be contrary to public policy and would also be incapable of enforcement, public property not being subject to forced sale.    2 Jones on Liens, Par. 1375; Phillips on Mechanics' Liens, Par. 179; Hovey v. Town of East Province, 17 R. I. 80, 20 Atl. Rep. 205; Mayrhofer v. Board of Education, 89 Cal. 110, 26 Pac. Rep. 646; Fatout v. Commissioners, 102 Ind. 223, 1 N. E. Rep. 389; Portland Lumber & Manfg. Co. v. School Dist. No. 1, 13 Ore. 283, 10 Pac. Rep. 350; Jordan v. Board of Education, 39 Minn. 299, 39 N. W. Rep. 801.

390    APPELLATE COURTS OF ILLINOIS.

VOL. 76.]    Huntley Mfg. Co.·v. Mich. Central R. R. Co.

MR. JUSTICE SEARS, after making the foregoing statement, delivered the opinion of the court.

Counsel for appellee contend that the demurrer to the intervening petition of appellant was properly sustained, because, they say:

1st. The general mechanic's lien act does not apply to permit liens upon the property of railroad companies.

2d. If the general mechanic's lien act could apply, its provisions have not been so complied with as to entitle appellant to a lien.

It is true that, as a general rule, the ordinary mechanic's lien laws do not embrace railroads. In Wood on Railroads, Vol. 2, Sec. 288, the author says: " Because of the character of railroads as *quasi* public highways, and the inconveniences and annoyances to which the public are apt to be subjected by the enforcement of liens against a railroad or its appurtenances, the ordinary mechanic's lien laws are construed as not embracing railroads unless it is expressly provided otherwise." To the same effect are 2 Jones on Liens, 1618; 3 Elliott on Railroads, 1066; Boisot on Mechanics' Liens, 188; Buncombe County Com. v. Tommey, 115 U. S. 122; Graham v. Mt. Sterling C. R. Co., 14 Bush. (Ky.) 425.

It is, however, apparent from these decisions and from the language of the text writers, that the rule announced rests upon grounds of public policy and the inexpediency of permitting parts of the property of a railroad which are essential to its operation and maintenance, to be subjected to the enforcement of liens, and possibly severed from the railroad property as an entirety.

In Buncombe County Com. v. Tommey, *supra*, the court said :

" Apart, however, from these considerations, we are of opinion that a law giving to mechanics and laborers a lien on buildings, including the lot or ground upon which they stand, or a lien upon a lot or farm or other property, for work done thereon, or for materials furnished in the construction or repair of buildings, should not be interpreted

as giving a lien upon the roadway, bridges, or other property of a railroad company, not essential in the operation and maintenance of its road."

There is no reason why the rule should apply to protect property owned by a railroad, if such property be in no way essential to the operation and maintenance of the road, and if the severing of it from the road could not prevent the continuance of the business of the road as a carrier. Nor would the mere fact that the building upon which the lien was to be enforced was of use to the railroad in its business as a carrier, operate to bring such building within the protection of the rule, if it could, nevertheless, be sold to satisfy the lien without interrupting the continued operation of the road. The enforcing of a lien by coercive sale of a part of the road-bed might well be held to be against the reason of the rule, while the sale of a depot building or storehouse would not be. Hill v. LaCrosse & Mil. R. R. Co., 11 Wis. 223; Botsford v. N. H., M. & W. R. R. Co., 41 Conn. 454; McIlvane v. H. & M. R. R. Co., 5 Phila. 13.

It was held in Smith Bridge Co. v. Bowman, 41 Ohio St. 37, that a lien under a general mechanic's lien law may be enforced even as against bridges of a railroad; but this would seem to be against the weight of authorities.

In King v. Alford, 9 Ontario, 643, the court noted the distinction between property which was, and such as was not, essential to the operation of the road. The court said:

" It is a material ingredient of this case that it is found as a fact that the lands on which are the buildings in question, consisting of a turn-table and engine-shed, are essential for the proper working of the railway."

The text writers generally agree that railroad depots, stables and like structures are not within the application of the rule exempting railroad property from mechanics' liens. Boisot on Mechanics' Liens, Sec. 179; 3 Elliott on Railroads, Sec. 1069; 2 Wood on Railroads, Sec. 288.

We are referred to no case, and find none, holding that such a building as the one here is within the reason and application of the rule, except Schulenberg v. R. R. Co., 67

392    Appellate Courts of Illinois.

Vol. 76.]    Huntley Mfg. Co. v. Mich. Central R. R. Co.

Mo. 442, and we think that this decision is against the weight of authorities. Nor can it be maintained that our statute providing for liens upon railroads applies to the lien here to the exclusion of the general lien act. The statute is as follows:

" All persons who may have furnished, or shall hereafter furnish, to any railroad corporation now existing or hereafter organized under the laws of this State, any fuel, ties, material, supplies, or any other article or thing necessary for the construction, maintenance, operation or repair of such road, by contract with such corporation, or shall have done or performed, or shall hereafter do or perform any work or labor in such construction, maintenance, operation, or repair by a like contract, shall be entitled to be paid for the same as a part of the current expenses of such road; and in order to secure the same shall have a lien upon all the property, real and personal and mixed, of such railroad corporation, as against said railroad, and as against all mechanics' or other liens which shall accrue after the commencement of the delivery of such articles, or the commencement of such work or labor."

It could hardly be maintained that the lien of appellant was for anything furnished which was " necessary for the construction, maintenance, operation or repair of the road " of appellee. And the provisions of this statute recognize the possible application of a mechanic's lien other than the lien therein provided. This statute does not necessarily exclude any application of the general mechanic's lien act to railroads. Botsford v. New Haven, M. & W. R. R. Co., *supra.*

The second contention of counsel is that appellant does not show by its petition any right to a lien under the general mechanic's lien act. In this behalf it is argued that petition fails to show than any amount was due to the original contractor, the Simpson & Robinson Company, on June 5, 1896, the date of the notice by appellant of its lien. The petition does state that on or about April 30, 1896, there was $10,000 due and owing to the Simpson & Robinson

Company from appellee, and the petition further states in effect, that no statement under oath was made by the original contractor and furnished to the appellee, as required by section 5 of the mechanic's lien act. Section 33 of the same act provides, that " no payment to the contractor or to his order shall be regarded as rightfully made as against the sub-contractor, or parties furnishing materials, if made by the owner without exercising or enforcing the rights and powers conferred upon him in sections 5 and 23 of this act."

We are of opinion, therefore, that the allegations of the petition are in effect that there was, as between appellant and appellee, due and owing by appellee to the original contractor on June 5, 1896, the sum of $10,000.

It is also urged that the concluding clause of section 5 excepts material men from its operation, and hence excepts appellant. The clause in question is, " But this section shall not apply to  *  *  *  nor to merchants and dealers in materials only."

If it could be maintained, as it can not, that Simpson & Robinson Company, the original contractor, was a " merchant or dealer in materials only," there might be some force in the contention. The clause could apply to the original contractor only and not to appellant.

Finally, counsel for appellee contend that the notice served by appellant upon appellee is defective and insufficient, in that it fails to state definitely when the amount due appellant became due.

The lien notice served on appellee upon June 5, 1896, by appellant, contained this statement: " And that there was due to the undersigned on the 21st day of May, 1896, therefor, the sum of one thousand one hundred ninety-six and 10-100 dollars." We are of opinion that this is sufficient in the particular in question.

The demurrer should have been overruled.

The decree is reversed and the cause remanded.