FRANK I. LESSARD & another *vs.* INHABITANTS OF REVERE.

Suffolk.    March 17, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Mechanic's Lien for Labor in Erection of Schoolhouse.*

The general words of Pub. Sts. c. 191, § 1, do not give a lien for labor upon a schoolhouse held by a town for public school purposes.

PETITION, to enforce a mechanic's lien under Pub. Sts. c. 191, for labor furnished in the erection of a schoolhouse. At the trial in the Superior Court, without a jury, before *Mason*, C. J., it appeared that the estate upon which the lien was claimed was at the time the labor was furnished held by the town of Revere for public school purposes. The judge, at the request of the respondent, ruled that no lien could be maintained upon property so held, and found for the respondent; and reported the case for the determination of this court. If the ruling was wrong, the lien was to be established for $251.15, with costs; otherwise, judgment was to be entered on the finding.

*J. E. Eaton*, for the petitioners.

*S. R. Cutler*, for the respondent.

HOLMES, J.    The only question raised by the report is whether the general words of Pub. Sts. c. 191, § 1, give a lien for labor upon a schoolhouse held by a town for public school purposes. Such a lien seems to have been enforced in *Morse* v. *Newbury School District*, 3 Allen, 307, but it does not appear whether the exceptions were broad enough to present this question, and the question is not adverted to in the decision. In Kansas under like circumstances a lien was held to be created, although it was assumed that, by reason of another statute, no process could be issued to enforce it while the building remained the property of the school district. *Wilson* v. *School District*, 17 Kans. 104. See *McKnight* v. *Parish of Grant*, 30 La. An. 361. But the general current of decisions is against the lien when the property upon which it is asserted is held for public uses. *Hovey* v. *East Provi-*

*dence*, 17 R. I. 80.　*Leonard* v. *Brooklyn*, 71 N. Y. 498.　*Brinck-erhoff* v. *Board of Education*, 2 Daly, 443 ; *S. C.* 37 How. Pr. 499.　*Patterson* v. *Pennsylvania Reform School*, 92 Penn. St. 229.　*Abercrombie* v. *Ely*, 60 Mo. 23.　*Fatout* v. *School Commissioners*, 102 Ind. 223, 232.　*Board of Education* v. *Neidenberger*, 78 Ill. 58.　*Portland Lumbering & Manuf. Co.* v. *School District*, 13 Oregon, 283.　*Jordan* v. *Board of Education*, 39 Minn. 298. *Mayrhofer* v. *Board of Education*, 89 Cal. 110.　*Knapp* v. *Swaney*, 56 Mich. 345, 347.　*Platteville* v. *Bell*, 66 Wis. 326, 334.　*Charnock* v. *District Township*, 51 Iowa, 70.　*Board of Supervisors* v. *Gillen*, 59 Miss. 198.　*Hall's Safe & Lock Co.* v. *Scites*, 38 W. Va. 691.　Jones, Liens, § 1375.　Dillon, Mun. Corp. (4th ed.) § 577. Boisot, Mechanics' Liens, § 208.　Phillips, Mechanics' Liens, (3d ed.) § 179.　The right to take such property on execution is denied on similar grounds.　*Meriwether* v. *Garrett*, 102 U. S. 472, 501, 513, 525, 526.　*Foster* v. *Fowler*, 60 Penn. St. 27, 32.　*Curry* v. *Savannah*, 64 Ga. 290.　See *Worcester County* v. *Worcester*, 116 Mass. 193 ; *Somerville* v. *Waltham*, 170 Mass. 160 ; *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432.　When we add to the almost unanimous course of decision elsewhere, our own St. 1892, c. 270, which gives a laborer an action against a town on conditions similar to those attached to liens, a statute hardly explicable except on the assumption that it gives the only remedy available, we feel bound to construe Pub. Sts. c. 191, § 1, as not intended to apply to buildings like the schoolhouse in this case.

　　　　　　　　　　　　　　　　　*Judgment on the finding.*