## Standard Radiator Co. v. M. A. Fox and E. M. Clarkson.

1. CONSTRUCTION OF STATUTES—*A Rule.*—It is a rule in the construction of statutes that one part is to be construed by another part of the same statute, and if any part of a statute is intricate, obscure or doubtful, the proper way to discover the intent is to consider the other parts of the act; for the words and meaning of one part of a statute frequently lead to the sense of another, and in the construction of one part of a statute every other part ought to be taken into consideration.

2. SAME—*Construction of Sec. 5 of the Mechanics' Lien Law of 1895.*— Section 5 of the "act to revise the law in relation to mechanics' liens" approved June 26, 1895 (Laws 1895, 226) must be construed with section 33 and other parts of the act, and so construing, the words, "nor to merchants and dealers in materials only," in section 5, apply only to contractors who are merchants and dealers in materials, and not to subcontractors who are such merchants and dealers.

Assumpsit, for materials, etc.   Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.   Heard in this court at the March term, 1899.   Reversed and remanded with directions.   Opinion filed November 2, 1899.

J. V. A. WEAVER, attorney for appellant.

C. W. GREENFIELD, attorney for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant, as a sub-contractor, sued Fox, the original contractor, and Clarkson, the owner, jointly, under Section 29 of the Mechanics' Lien Law, which authorizes such a suit under the circumstances mentioned in the section. The cause was first tried before a justice of the peace. On appeal to the Superior Court it was, by agreement of the parties, tried by the court without a jury. The court found for the defendants. Hence this appeal. The cause was tried on a stipulation of facts, by which it appears that appellant is a Missouri corporation, engaged exclusively in the manufacture of radiators and the sale of radiators of its own manufacture; that Fox contracted with Helen M.

Clarkson to furnish a steam-heating plant for a building owned by her, known as No. 4859 Michigan Avenue, in the city of Chicago, Illinois; that Fox, April 2, 1898, sent an order to appellant for radiators, with specifications of the same; that appellant filled the order and the radiators were delivered at Clarkson's building April 24, 1896, and were placed therein, and became a part of the steam-heating plant of the building; that the agreed price of the radiators was $150.45; that no part of the price has been paid, and that, June 22, 1896, a notice was served on Clarkson, signed by appellant, of the furnishing of the radiators by appellant, by agreement with Fox, and that there was due to appellant therefor the sum of $150.45. It was further stipulated that Clarkson, before the date of service of said notice, had paid to Fox all the money due to him on his contract, which money so paid was more than $150.45; that Fox had never delivered nor tendered to Clarkson, nor had she ever demanded or received from him, a statement in writing under oath, or an affidavit, setting forth names of material-men or their proposals or contracts, or bids, or amounts for material to be furnished Fox to carry out and complete his contract with her, and that Clarkson did not demand nor receive from Fox any bond indemnifying her against the liens of material-men.

The only questions presented for decision are questions of law, namely: whether it is the duty of a contractor to give to the owner, and of the owner to require of the contractor, a statement in writing as specified in section 5 of the mechanic's lien law, of material to be furnished for the work which the contractor has contracted to do, when the party furnishing the material is a manufacturer and a dealer exclusively in articles of his own manufacture; and whether the notice of material furnished by appellant was served in apt time.

Section 5 of the law is as follows:

" Within ten days after the contract is made, and before commencing work thereunder, it shall be the duty of the contractor to give the owner, and also the duty of the owner

to require of him, a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties having sub-contracts for specific portions of the work, or for material, and of the amount to become due each, and when, or if any such sub-contracts are not then let, the names and addresses of those who have made bids or proposals for the same or for material, and the respective amounts of such bids or proposals, and within ten days after the same are accepted, the amount thereof, and if any contractor shall fail to so notify the owner within five days after written notice to do so, such owner may cancel the contract with such contractor by written notice of such cancellation, and the lien of such contractor shall be subject to the liens of all other creditors.    But this section shall not apply to contractors who have given, or within the ten days first named shall give, to the owner a good and sufficient bond for the completion of such building or improvement, free and clear of all mechanics' liens, and such bond is made for the use and benefit of those who may be entitled to such liens; nor where such persons shall in advance waive their rights to liens and bind themselves to perform their respective sub-contracts, services or labor; nor to contractors whose sub-contractors and material men agree to take solely for payment; nor to merchants and dealers in materials only." 2 S. & C.'s Stat., Ch. 82, paragraph 5.

Section 33 of the act is as follows:

" No payments to the contractor or to his order shall be regarded as rightfully made as against the sub-contractor, or party furnishing material, if made by the owner without exercising or enforcing the rights and powers conferred upon him in sections 5 and 23 of this act." Ib., par. 33.

A person furnishing materials to the contractor is a sub-contractor. Ib., par. 22.

Section 5 must be construed with section 33 and other parts of the act. So construing section 5 we think it clear that the words in section 5, "nor to merchants and dealers in materials only," apply to contractors who are merchants and dealers in materials only, and not to sub-contractors who are such merchants and dealers. It is a rule in the construction of statutes that one part is to be construed by another part of the same statute. Dwarris, after stating the rule, says:

" If, therefore, any part of a statute be intricate, obscure, or doubtful, the proper way to discover the intent is to consider the other parts of the act; for the words and meaning of one part of a statute frequently lead to the sense of another, and in the construction of one part of a statute every other part ought to be taken into consideration." Potter's Dwarris on Statutes, etc., p. 183.

The construction contended for by appellee—namely, that the statement provided for by section 5 is not required when the person furnishing materials is a merchant and dealer in materials only—would completely nullify section 33, which in terms includes all sub-contractors and persons furnishing materials, whereas the rule is that one part of a statute must be construed with another, so that the whole may, if possible, stand *ut res magis valeat quam pereat.* Potter's Dwarris, 189.

In Huntley Mfg. Co. v. Mich. Cen. R. R. Co., 76 Ill. App. 387, we held that the exception in section 5 applies only to contractors who are merchants and dealers in materials only. In Andrews & Johnson Co. v. Atwood, 167 Ill. 249, the court, after quoting sections 23 and 33 of the act in question, say :

" Moreover, under the contract executed under the old law, Atwood, in making payments to the Fuller Company, in order to protect himself was only required to see that the sub-contractors of the Fuller Company had been paid, while under the new act, in order to protect himself, he was bound to see that all sub-contractors and material-men had been paid." Ib., 253–4.

The radiators were delivered at the building of appellee Clarkson April 24, 1896, and appellant's notice was served on her June 22, 1896, within sixty days after such delivery. This is all the statute (section 25) requires; therefore the notice was served in apt time. The judgment will be reversed and the cause remanded, with directions to the trial court to enter judgment in favor of appellant and against appellees, for $150.45, with interest at the rate of five per cent per annum from June 22, 1895, till the date of judgment. Reversed and remanded with directions.