WILLIAM H. STAPLES *vs.* CITY OF SOMERVILLE & others.

Middlesex.    March 27, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Assignment of Building Contract by Contractor without Consent of Contractee —
Order for Payment of Money — Insolvency — Trustee Process — Mechanic's Lien.*

If a contract for the erection of a schoolhouse for a city is, without the consent of
the city, assigned more than six months prior to the commencement of proceedings in insolvency by the assignor, the assignee thereof, who, after notice to the
city of the assignment and the record thereof in the office of the city clerk, completes the contract at his own expense, and from time to time receives payments
from the city on account of the work, is, upon completion of the building and
its acceptance by the city, equitably entitled, as against the assignee in insolvency of the assignor, to the balance due under the contract, although by its terms
the contract was not assignable without the written consent of the city; and if,
prior to the assignment of the contract, the assignor had been paid by the city
all that he had earned under it, an order by him on the city for the payment of a
sum of money to a creditor not accepted by the city will not be deducted from

such balance, nor will such balance be liable to an attachment by a creditor of the assignor in an action commenced by the trustee process within four months before the commencement of proceedings in insolvency.

A mechanic's lien cannot be maintained upon a building which has been erected by a city to be used as a schoolhouse.

BILL IN EQUITY, filed March 8, 1898, by William H. Staples of Lowell, against the city of Somerville, Edward F. Staples, William A. Sanborn, John Harrington, William J. McCarthy, T. Fred Berry, and E. Rhodes Ferguson, to compel the first named defendant to pay the balance alleged to be due under a contract for the erection of a schoolhouse, to determine how much, if any, of such fund is due to the defendant Harrington, and to restrain the individual defendants from prosecuting certain actions at law.

The bill alleged that the defendant Staples, on October 3, 1896, made a contract to erect a schoolhouse for the city of Somerville for the sum of $23,000, and gave a bond with the American Surety Company as surety for the faithful performance of the contract; that before the execution of such bond by the surety the plaintiff gave to it a bond for $8,000 to indemnify it against loss from its undertaking as surety; that the defendant Staples began the work but was unable to finish it, and on April 10, 1897, assigned the contract and all moneys, benefits, and emoluments to be derived therefrom to his father, the plaintiff, who, at the suggestion of the city solicitor of Somerville and others, assumed charge of the work for his own protection; that at the date of the assignment the defendant Staples had been paid by the city of Somerville under the contract the sum of $8,500, and he had no further claim against the city thereunder; that on April 21, 1897, notice of the assignment was given to the city of Somerville, and the assignment was afterward recorded in the office of the city clerk of Somerville and in the office of the city clerk of Lowell; that the city or its representatives did not consent in writing to the assignment to the plaintiff pursuant to the terms of the contract, but that the plaintiff completed the contract at his own expense without objection from the city, which accepted the building in September, 1897; that the plaintiff expended for labor and materials the sum of $18,540, and received from the

city of Somerville the sum of $10,500, being the proceeds of checks payable to the joint order of himself and his son, Edward F. Staples, which were receipted for by their joint receipts; that a balance of $4,000, due under the contract, remained in the possession of the city, which the city was ready to pay to the person entitled thereto; that subsequent to February 17, 1897, an order for the payment of the sum of $1,000.50 was handed to the city treasurer by John Harrington, the payee, which the treasurer refused to accept; that on July 30, 1897, the defendant McCarthy filed in the registry of deeds a statement of a lien for $450, for labor furnished on the building; that on November 29, 1897, the defendant Staples filed a voluntary petition in insolvency, and on December 21, 1897, the defendant Sanborn was appointed assignee of his insolvent estate, and, as such, claimed the balance of $4,000, due under the contract; and that, on August 3, 1897, and on subsequent dates, actions were commenced by the defendants Berry, Ferguson, Sanborn, and McCarthy against the defendant Staples, in which the city of Somerville was summoned as trustee of the goods, effects, and credits of the principal defendants therein, which were pending at the date of the bill.

. The prayer of the bill was that the assignment to the plaintiff be declared valid; that a decree be entered requiring the city of Somerville to pay to the plaintiff the balance of $4,000, due under the contract; that it may be determined to what proportion if any of the $4,000 the defendant Harrington is entitled; and that the defendants Sanborn, McCarthy, Berry, and Ferguson be enjoined from prosecuting their actions and be ordered to discontinue them as against the trustee, and be further enjoined from prosecuting any action for the same cause of action in which the city of Somerville shall be summoned as trustee.

The order referred to in the bill, dated February 18, 1897, was signed " E. F. Staples, Contractor," and requested the city of Somerville to " pay to the order of John Harrington one thousand $1000$\frac{50}{100}$ dollars being part payment of stone furnished by him for the Ward One schoolhouse and charge the same to second payment on contract from this date for said school."

By article 10 of the contract it was provided that the builder " shall not assign this contract . . . without the consent in writing given by the Committee on Public Property of the City Council of said city."

The city of Somerville filed an answer by which it offered to pay the balance af $4,000 to the party equitably entitled thereto, and asked that the parties be required to interplead, and that the court order and decree to whom the payments should be made.

At the trial in the Superior Court, before *Fessenden*, J., there was evidence tending to show that the defendant Edward F. Staples received the first four payments, amounting to $8,500, at the times stipulated in the contract, and that no other payment was earned by him; that in the order given by him to Harrington the phrase the " second payment on the contract from this date " referred to the fifth payment mentioned in the contract ; and that the order was not accepted by the city, but was held by the treasurer, to be paid if money should come into his hands belonging to Edward F. Staples with which to pay it.

The defendant Harrington requested the judge to rule that he was entitled to a decree for $1,000.50, being the amount of the order given to him by the defendant Staples, with interest from September, 1897, to be paid by the city of Somerville out of the balance of $4,000 then held by it. The judge declined so to rule; and the defendant Harrington excepted.

The judge entered a decree that the city of Somerville pay to the plaintiff the sum of $4,000 ; that the defendant Harrington was not entitled to any portion thereof; that the defendants Sanborn, McCarthy, Berry, and Ferguson discontinue their actions as against the city of Somerville as trustee, and be further enjoined from prosecuting any action in which the city of Somerville shall be summoned to answer as trustee of the defendant Staples by reason of its possession of the sum of $4,000 or any portion thereof.

All the defendants except the city of Somerville appealed to this court.

*T. E. Grover & F. Joy*, for the defendant Harrington.

*J. J. Higgins*, for other defendants.

*J. R. Dunbar & F. E. Dunbar*, for the plaintiff.

KNOWLTON, J.    The principal question in this case is whether the equitable ownership of the money afterwards earned under the contract passed to the defendant by the assignment from his son Edward F. Staples, and by such recognition of the assignment and of his action under it as appears in the facts before us.    The contract was to erect a schoolhouse for the city of Somerville.    The American Surety Company was a surety for Edward F. Staples upon a bond for the faithful performance of the contract, and the plaintiff gave a bond to the American Surety Company to indemnify it against loss from its undertaking as surety.    Edward F. Staples began the work, but was unable to finish it.    It was suggested to the plaintiff by the city solicitor of Somerville and others that he should assume charge of the work for his own protection, and thereupon, on April 10, 1897, an assignment was made from his son to him of the contract, and of all moneys, benefits, and emoluments to be derived therefrom.    Notice of the assignment was given to the city of Somerville on April 21, and the assignment was afterwards recorded in the office of the city clerk in Somerville, and in the office of the city clerk in Lowell where the plaintiff lived.    By the terms of the contract it was not assignable without the written consent of the city.    The city might have refused to recognize the assignment, or to have any dealings with the plaintiff under it.    *Pike* v. *Waltham*, 168 Mass. 581.    Although no consent to the assignment was ever given in writing by the representatives of the city, the plaintiff went on under it without objection from the city, and completed the contract at his own expense, and the building was accepted by the city.    He has received payments from the city on account of his work to the amount of $10,500, which were made by checks payable to the order of himself and his son Edward F. Staples, and were receipted for by their joint receipts.    The city appeared in this suit and offered to pay the balance of $4,000 in its hands, to such party as is equitably entitled thereto, and asked that the parties be required to interplead, and that the court order and decree to whom the payments should be made.

Under these circumstances it is immaterial that the city did not consent in writing to the assignment.    *James* v. *Newton*, 142 Mass. 366.    *Richardson* v. *White*, 167 Mass. 58.    Under the

authority of these cases the plaintiff acquired equitable rights which entitle him to the money now in the possession of the city. The case finds that his son, Edward F. Staples, has been paid all that he earned under the contract previous to the assignment.

None of the other claims against the fund can be allowed in this proceeding. The order of the defendant Harrington was not accepted by the city, but was held by the treasurer to be paid if money should come into his hands belonging to Edward F. Staples with which to pay it. The order was of no effect against the plaintiff's assignment under which he seeks to recover money earned by himself after the assignment.

The assignment was not fraudulent as against the assignee in insolvency. There is no evidence that there was actual fraud, and the assignment was made more than six months prior to the commencement of proceedings in insolvency.

If it appeared, as it does not, that the creditors attaching by trustee process had acquired rights against this fund, their attachments were dissolved by the insolvency proceedings begun in less than four months after the earliest attachment was made.

Since the building was to be used as a schoolhouse, McCarthy's claim for a mechanic's lien cannot be maintained. *Lessard* v. *Revere*, 171 Mass. 294.

*Exceptions overruled; decree affirmed.*