## DORIS A. YOUNG vs. INHABITANTS OF FALMOUTH.

Barnstable. November 13, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Mechanic's Lien.*

A mechanic's lien cannot be established upon a building erected by a town for a free public library.

PETITION, filed May 17, 1901, to enforce a mechanic's lien.

At the trial in the Superior Court *Gaskill,* J. ruled and refused to rule as stated in the opinion, and ordered a verdict for the respondent. The petitioner alleged exceptions.

*S. R. Cutler,* (*H. W. James* with him,) for the petitioner.

*J. F. Neal,* (*H. P. Harriman* with him,) for the respondent.

MORTON, J. This is a petition to enforce a mechanic's lien for labor performed in the erection of a building by the respondent town for a free public library. The case was sent to an auditor, and at the trial in the Superior Court the only evidence before the jury was the auditor's report. The petitioner requested the judge to rule that the building and land were subject to a mechanic's lien in his favor, and that he was entitled to recover. The judge refused so to rule and ruled that the building was not subject to a mechanic's lien, and directed the jury to return a verdict for the respondent. The case is here on exceptions by the petitioner to the judge's ruling and to his refusal to rule as requested.

The sole question is whether the building is subject to a mechanic's lien. We do not think that it is. It has been decided that a schoolhouse held by a municipal corporation for public school purposes is not subject to a mechanic's lien, and the decision is said to be in accord with the almost unanimous current of decisions elsewhere. *Lessard* v. *Revere,* 171 Mass. 294. *Staples* v. *Somerville,* 176 Mass. 237, 242. The ground of decision in such cases is that the buildings are held for a public use, and it is against public policy, in the absence of express provisions to the contrary, that the instrumentalities for

carrying on the government should be the subject of seizure and sale for debt. It is true that cities and towns are not required to maintain public libraries as they are schools and highways for instance. But it is plain, we think, that money appropriated for the erection and maintenance of a free public library is appropriated for a public use. R. L. c. 25, § 15. *Kingman* v. *Brockton*, 153 Mass. 255. Whether a use is public does not depend on whether it is compulsory, but on its nature and purpose. *Tindley* v. *Salem*, 137 Mass. 171. Towns and cities derive no gain or profit from the establishment and maintenance of free public libraries any more than they do from that of free public schools. They are established solely for the general and common good, and we cannot doubt that they come within the same principle as instrumentalities of government that free public schools do.

*Judgment for the respondent on the verdict.*