*George C. Thomas, Cobb & Erwin,* and *Napier & Cox,* contra.

---

ÆTNA INDEMNITY COMPANY *v.* TOWN OF COMER.

FISH, C. J. 1. A building contractor's bond expressly provided, as a condition precedent to the surety's liability thereunder, that the surety should be notified in writing of any act on the part of the contractor, "which may involve a loss for which the surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of said obligee." The contract secured by the bond stipulated for the completion of the building on or before April 1, 1906, and that upon default in this respect the contractor should pay a stated amount as liquidated damages. The building was not completed within the time limited, but no notice of this fact was given the surety by the obligee. The contractor thereafter for some six months continued work on the building, when he abandoned the same, leaving it in an unfinished condition. The obligee immediately notified the surety, in the terms of the bond, of this abandonment, and requested the surety to complete the building in accordance with the bond. The surety declined to pay any sum under the bond or to complete the building. The obligee thereupon completed the building, the right to do so being given in the contract, and sued the surety for the amount expended in its completion, and also for the amount of various liens which had been set up against the building on account of labor and material furnished the contractor dur-

ing its erection.  *Held,* that the failure to notify the surety immediately upon the default in completing the building within the time specified · was a waiver of the damages provid'ed for in the contract for such default, and that therefore this default never operated as an act on the part of the contractor which involved a loss for which the surety was responsible; and that such failure to give notice of the· default in the completion of the building did not relieve the surety from liability for damages occasioned by the subsequent abandonment by the contractor of the work on the building, leaving it in an unfinished condition, of which the surety was notified' in accordance with the contract.  Frost on Law of Guaranty Insurance (2d ed.), § 210; United Surety Co. *v.* Summers, 110 Md. 95 (72 Atl. 775) ; Ætna Indemnity Co. *v.* Waters, 110 Md. 673 (73 Atl. 712) ; Lakeside Land Co. *v.* Empire State Surety Co., 105 Minn. 213 (117 N. W. 431) ; Beebe *v.* Redward, 35 Wash. 615 (77 Pac. 1052) ; Ovington *v.* Ætna Indemnity Co., 36 Wash. 473 (78 Pac. 1021) ; Heffernan *v.* U. S. Fidelity &c. Co., 37 Wash. 477 (79 Pac. 1095) ; Trinity Parish *v.* Ætna Indemnity Co., 37 Wash. 515 (79 Pac. 1097).

2. No valid lien can arise in favor of materialmen or mechanics as against a school building belonging to a municipal corporation, and used' for a public purpose (*Neal-Millard Co.* v. *Trustees of Chatham Academy,* 121 *Ga.* 208) ; and therefore it was error to overrule the demurrer to so much of the petition as set forth a claim for amounts paid by the municipality in the discharge of such alleged liens, especially in view of the stipulation in the bond to the effect that the surety should be liable for claims of mechanics and materialmen, arising out of the performance of the contract and paid by the obligee, only when the same by the statute of this State are valid' liens against the obligee's property.

3. The allegation in the petition that the surety company protected itself against liability by having the principal in the bond "to indemnify it," was open to the special demurrer that it was not alleged in what manner the surety company had been so indemnified.

4. The other grounds of demurrer were without merit.

*Judgment reversed.  All the Justices concur.*

MARCH 3, 1911.  REHEARING DENIED MARCH 4, 1911.

Action upon bond.  Before Judge Ellis.  Fulton superior court. August 30, 1909.

*Dodd & Dodd,* for plaintiff in error.

*John J. Strickland,* contra.