## SUMTER COUNTY *v.* HANES, JONES & CADBURY COMPANY *et al.*

1. Where a common-law judgment was obtained against one who owned a mule and certain other personal property, and the execution issued thereon was duly entered upon the execution dockets as provided by law, if the county authorities subsequently bought the mule from the defendant in execution and used it in connection with working the county roads, this did not destroy the lien of the execution or prevent the mule from being levied upon and sold.
2. The mere fact that an attorney for the plaintiff in execution learned of the sale of the mule to the county on the day when it was delivered, and did not take any steps to enforce the execution for some time thereafter, did not affect the case.

FEBRUARY 10, 1915.

Petition for injunction. Before Judge Littlejohn. Sumter superior court. July 10, 1914.

Sumter County filed its equitable petition against Hanes, Jones & Cadbury Company, and the deputy sheriff of the county, seeking to enjoin the sale of a mule which had been levied on under an execution in favor of the company named against R. G. Christian, which mule was claimed by the county as its property. The case was submitted to the presiding judge on an agreed statement of facts, which showed, among other things, as follows: Hanes, Jones & Cadbury Company recovered a judgment against R. G. Christian in the city court of Americus, on February 9, 1911. An execution

was issued, and was entered on the execution docket of the city court of Americus and on the general execution docket of Sumter county on February 15, 1911. During the year 1912 Christian purchased two mules and certain other personal property, which he retained in his possession until October, 1913. At that time one of the mules was purchased by the County of Sumter, without actual knowledge of the existence of any lien against it. The mule was used in working the public roads of the county, and was purchased with county funds collected for road purposes. On April 8, 1914, the deputy sheriff of the county levied the execution upon the mule. Certain other facts were included in the agreed statement, tending to show that on the date of the delivery of the mule the attorney for the plaintiff in execution heard Christian say that he had sold the mule to the county, and learned on inquiry that this was true, but took no action until shortly before the making of the levy, when he stated in writing to the county authorities that the plaintiff's attorneys thought the mule was subject to the debt, and demanded payment of the amount of the execution. Payment was not made, and a levy was made on the mule.

The presiding judge rendered judgment denying the injunction prayed for, and permitting the execution to proceed. The county excepted.

*R. L. Maynard,* for plaintiff.

*Ellis, Webb & Ellis,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. Hanes, Jones & Cadbury Company recovered judgment against one Christian in the city court of Americus, in 1911, and the execution based thereon was duly recorded on the execution docket of the court from which it issued, and on the general execution docket of the county, thus giving notice of the lien against the property subject to levy, then held by Christian or which might be acquired by him. While this execution was in force Christian purchased a mule and held it for some time. It thus became subject to the lien of the execution and to levy thereunder. Later Christian sold the mule to the County of Sumter, and it was used in working the roads of the county. It was contended, on behalf of the county, that the general rule is that property of a county in use for public purposes is not subject to sale under an execution. This is a correct rule when properly applied. *Curry*

v. *Mayor and Aldermen of Savannah,* 64 *Ga.* 290 (37 Am. R. 74) ; *Neal-Millard Co.* v. *Trustees of Chatham Academy,* 121 *Ga.* 208 (48 S. E. 978) ; *Ætna Indemnity Co.* v. *Town of Comer,* 136 *Ga.* 24 (70 S. E. 676). But in these and similar cases efforts were made to levy on property belonging to a public corporation and used or held for public purposes, under an execution obtained against such corporation, or to foreclose a lien against like property. In one case it was held that a county could not be garnished, in order to subject by that means an amount due by it for necessary public work performed by a debtor. *Morgan* v. *Rust,* 100 *Ga.* 346 (28 S. E. 419). Here, however, there was no effort to levy upon or enforce a lien against property to which the county had a clear and unincumbered title. When the county bought the mule, a lien had already attached to it, and the county purchased it subject to such lien. It could not destroy a lien arising by virtue of an execution against a former owner of the property, by purchasing it from him. Suppose that the former owner did not have a clear title, could the county make the title good by buying the property and relying on being a political division of the State? Suppose that the former owner had given a mortgage upon the mule, could the county have destroyed the validity of this contract lien by purchasing the property from the mortgagor? To ask these questions is to answer them. If the county could not do these things, no more could it shake off a lien which had attached to the property by operation of law in the hands of a former owner, by purchasing it from him. The purchaser took the property subject to the lien, and the rule above mentioned has no application to such a situation.

2. The knowledge of an attorney for the plaintiff in execution that the mule was sold to the county, obtained after the delivery of the mule, and that he did not take any steps to enforce the execution for some little time thereafter, when he informed the county authorities that he considered the mule subject to levy and sale, and demanded, without avail, that they pay the execution, did not affect the right to have the mule levied upon and brought to sale.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*