JOHN J. PRINDIVILLE *vs.* BOSTON AND WORCESTER STREET RAILWAY COMPANY.

Middlesex.   January 18, 1917. — February 28, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Mechanic's Lien,* On building of street railway corporation. *Public Service Corporations.*

Assuming, without deciding it, that the provisions of R. L. c. 197 should be construed as impliedly exempting a street railway company as a public service corporation from the establishment of mechanics' liens upon its property, yet the exemption should be restricted to such of its property as is essential to the performance of the corporation's public duties.

Where a car barn was constructed by a street railway corporation on land purchased for the purpose half a mile distant from the site of a former car barn of the company that had been destroyed by fire, and where, although the erection of such a new building was reasonable and economical, the corporation could have carried on its business and have maintained its regular schedules by

using its other existing car barns or could have erected a new barn on the site of the one destroyed, it cannot be said as matter of law that an auditor was not warranted in finding that the car barn was not essential to the operation of the street railway, and on such finding a mechanic's lien can be established upon the building.

PETITION, filed on July 28, 1908, under R. L. c. 197, to establish a mechanic's lien upon a new brick car barn erected upon land of the defendant at Framingham.

In the Superior Court the case was referred to an auditor, who filed a report in which he found that the petitioner was entitled to establish his lien in the sum of $10,029.44, representing the value of labor performed and furnished, as distinguished from the value of materials furnished, with interest from the date of the filing of the petition.

Later the case was heard by *Morton,* J., on the petitioner's motion for entry of judgment according to the auditor's report. No issues of fact were raised, and the respondent agreed that the petition could be maintained unless as a matter of law the car barn was not subject to a mechanic's lien. Upon motion of the petitioner and against the objection of the respondent, the judge found in favor of the petitioner and ruled that the car barn was subject to a mechanic's lien and that the lien should be established.

By agreement of the parties, the judge reported the case for determination by this court upon the facts set forth in the report. If, in the opinion of the court, the petitioner was entitled to maintain his petition, a lien was to be established in his favor in the sum of $10,029.44 with interest at six per cent per annum from July 28, 1908; and if, upon the facts reported, the petitioner was not entitled to maintain his petition, the petition was to be dismissed.

*J. F. Bacon,* for the respondent.

*C. F. Choate, Jr., (T. H. Sullivan* with him,) for the petitioner.

DE COURCY, J. This is a petition brought under R. L. c. 197, by a subcontractor to establish a mechanic's lien for labor furnished in the erection of a car house upon the respondent's land at Framingham. The case came before the Superior Court for hearing on the petitioner's motion for entry of judgment according to the auditor's report. No issues of fact were raised or requested; but the respondent agreed that the petition could be maintained

unless as a matter of law the car house was not subject to a mechanic's lien. The judge found in favor of the petitioner, ruled that the car house was subject to a mechanic's lien and that the lien should be established, and reported the case for the consideration of the full court.

By the great weight of authority a mechanic's lien does not attach to public property unless the statute creating the lien expressly so provides. The broad language of the general lien act is construed as impliedly exempting property needed for the proper administration of government from seizure by creditors, on the ground of public policy or because the lien could not be enforced by the methods provided. *Lessard* v. *Revere,* 171 Mass. 294. *Staples* v. *Somerville,* 176 Mass. 237. *Young* v. *Falmouth,* 183 Mass. 80. Ann. Cas. 1914 C 102 note. See now St. 1915, c. 292, § 5, expressly exempting "any land, building or structure thereon owned by the Commonwealth, or by a county, city, town, water district or fire district."

· The property of *quasi* public corporations, such as railroads, is expressly made subject to mechanics' liens by the statutes of some jurisdictions. And the general mechanics' lien laws have been held applicable to the property of such corporations in many of the States, although there is a considerable conflict among the decisions. See cases collected in notes, 7 Ann. Cas. 269, and Ann. Cas. 1913 C 95. In the present case it is enough to say that assuming, without deciding, that our statute should be construed as impliedly exempting from mechanics' liens property of a street railway company, the exemption should not extend to property which is not essential to the performance of the corporation's public duties. See 27 Cyc. 27; 20 Am. & Eng. Encyc. of Law (2d ed.) 296; *Huntley Manuf. Co.* v. *Michigan Central Railroad,* 76 Ill. App. 387; *Pittsburg Testing Laboratory, Ltd.* v. *Milwaukee Electric Railway & Light Co.* 110 Wis. 633; *Guest* v. *Merion Water Co.* 142 Penn. St. 610; *Buncombe County Commissioners* v. *Tommey,* 115 U. S. 122; *National Foundry & Pipe Works, Ltd.* v. *Oconto City Water Supply Co.* 113 Fed. Rep. 793, 801.

The auditor has found that the car barn was not essential to the operation of the respondent's street railway. We cannot say as matter of law that this finding was not warranted. The company

had car barns at three other places when the contract was made. Apparently it could have rebuilt on the site of the destroyed barn, or have provided shelter for all its cars on land adjacent to the other car houses, instead of purchasing the present lot half a mile east of the old site. During the nine months that intervened between the burning of the old barn and the occupancy of the one in question, the respondent maintained its regular schedule, and the operation of its cars was interfered with only to the extent that the men had to report at temporary quarters and to do some necessary work on the cars out of doors. The heavy repairs always had been done at the Wellesley Hills car house. The fact that the action of the respondent's officers in erecting the new building was reasonable and economical is not enough to exempt this property from liability for the benefits it has received from the labor furnished by the plaintiff.

The Legislature in some instances has given a direct personal action against the public service corporation to persons furnishing labor or materials upon its property. For instance, one to whom a debt is due for labor performed or for materials furnished and actually used in constructing a railroad or a street railway under a contract with a third person, may have such a right of action. St. 1906, c. 463, Part II, § 218; Part III, § 117. The respondent's argument that this last statute should be construed as excluding the petitioner's right to a lien has no force. Assuming that he comes within the terms of Part III, § 117, he is expressly denied the benefit of the act by § 118, which provides: "A person who has contracted to construct the whole or a specified part of such street railway shall not have such right of action." See *Lessard* v. *Revere*, 171 Mass. 294, 295; *Friedman* v. *County of Hampden*, 204 Mass. 494, 507.

In our opinion the car house was subject to a mechanic's lien. *Courtemanche* v. *Blackstone Valley Street Railway*, 170 Mass. 50. *Woodruff* v. *Hovey*, 91 Maine, 116. In accordance with the report, a lien is to be established in favor of the petitioner in the sum of $10,029.44 with interest at six per cent from July 28, 1908; and it is

*So ordered.*