MAX FINKELSTEIN *vs.* SYLVANUS G. MORSE.

Suffolk.   December 7, 1916. — March 13, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Assignment. Mortgage,* Of real estate, Construction loan.

Where by the provisions of a certain construction loan agreement between a building contractor and one to whom certain real estate upon which the contractor was erecting a building was mortgaged to secure the loan, the mortgagee was to advance the amount lent by instalments as the work of the contractor progressed, and where, before the contractor's work had progressed far enough to entitle him to a certain instalment, he assigned all his right to that instalment to a third person and the mortgagee agreed that he would pay the instalment to the assignee when the contractor, naming him, should "be entitled to the same under" his agreement with the mortgagee, such assignee cannot recover the amount of such instalment from the mortgagee, if previous to performance by the contractor of the work required to be done before the instalment became due, the contractor abandoned the contract and transferred all his rights under it, except for the assignment, for the benefit of the owner of the land, who completed the contract entirely for his own benefit and not at all in the interest of the contractor.

CONTRACT for $1,300, alleged to be due to Charles Cohen and Louis Leven, building contractors, as instalments of loans under the provisions of the construction loan mortgage to the defendant described in the opinion, and to have been assigned by Cohen and Leven to the plaintiff. Writ dated March 8, 1916.

The alleged assignment was in the form of an agreement, which

in its first three paragraphs recited the provisions of the agreement between the contractors and the defendant, described in the opinion, as to the fifth instalment to be advanced upon the construction loan as ·to Lot A and the fourth instalment to be advanced upon the construction loan as to Lot B, and then provided as follows:

"And whereas, Max Finkelstein of said Boston in consideration of One Dollar and other valuable considerations this day paid to the said Cohen and Leven, the receipt whereof is hereby acknowledged and the said Cohen and Leven do by these presents assign, set-over, and transfer to the said Max Finkelstein, his heirs, executors, administrators and assigns, forever, the said payment on Lot A and also the said payment on Lot B, which shall be due to the said Cohen and Leven on account of their said agreement with the said Sylvanus G. Morse."

This agreement was signed by Cohen and Leven, and there was appended to it the following assent signed by the defendant:

"I, Sylvanus G. Morse hereby agree to the above presents and will pay the said sums of money stated above when the said Charles Cohen and Louis Leven shall be entitled to the same under their agreement with me."

In the Superior Court the case was tried before *Lawton*, J. The material facts are stated in the opinion. At the close of the evidence and subject to exceptions by both parties the judge ordered a verdict for the plaintiff in the sum of $853.42 and reported the case for determination by this court.

*F. J. Carney*, for the defendant.

*S. L. Bailen*, for the plaintiff.

CARROLL, J. On September 1, 1915, William F. Brooks conveyed to Charles Cohen and Louis Leven, hereafter called the contractors, a parcel of land; on the same day the contractors gave the defendant a mortgage on lots A and B, these lots being a part of the premises conveyed by Brooks. With each mortgage there was a construction loan agreement. According to these agreements, the fifth payment on Lot A, amounting to $800, was to become due "when floors are laid, doors hung, stairs built, and plumbing is completed;" and the fourth payment on Lot B, amounting to $600, was to be paid "when standing finish is on and windows in." On the same day the contractors gave to

Brooks, the grantor, mortgages of $400 each on lots A and B, subject to the mortgage to the defendant.

On January 3, 1916, Brooks entered on the premises for the purpose of foreclosure, and in February published notices of sale under the power in the mortgage. On January 12 the contractors conveyed their equity in the lots to one Laffey for the benefit of Brooks, and on January 15 also conveyed to him, for Brooks's benefit, their rights under the construction loan contract, except the fourth payment on Lot B and the fifth payment on Lot A, which had already been assigned to the plaintiff. To this agreement the defendant consented.

On January 1, 1916, when the contractors abandoned the work, the fifth payment on Lot A and the fourth payment on Lot B were not due. At this time the buildings were exposed to the weather, there was ice in the cellars; and this also was true on January 15, when the assignment to Laffey was made. At the date of the writ all this work had been done and the buildings were subsequently completed by Brooks. At the time of the trial the mortgage had not been foreclosed because the mortgagee was restrained by an order under a bill in equity, brought by a creditor of the contractors.

The plaintiff brings this action to recover the fifth payment on Lot A and the fourth payment on Lot B, under the construction loan agreement. In the Superior Court the verdict was for the plaintiff.

When the contractors abandoned the work, the fourth and fifth payments were not due. Their agreement with the defendant was to build the houses, and the payments were conditional on their performance of the contract. See *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413.

When the contractors assigned to Laffey for the benefit of Brooks, they had already conveyed their interest in the land for his benefit. Brooks was then the owner of the estate, what he did in finishing the work and completing the contract was done entirely for his own benefit and there is nothing to show that it was done in their interest. Nor does it appear that he was under any agreement or obligation to complete the contract for their profit and advantage.

The contractors, therefore, would have no right to recover

against Morse for the fourth and fifth payments, because they did not do the work which would entitle them to the sum stated; and the plaintiff, as their assignee, has no greater rights against the defendant than they themselves had. The contractors gave the assignment of these payments to the plaintiff on December 3, 1915. They had not then conveyed their equity nor assigned the construction contract to Brooks, and in the defendant's assent to the instrument of assignment, he agreed to pay the sums stated when the contractors "shall be entitled to the same under their agreement with me." The plaintiff, therefore, cannot recover.

The plaintiff relies on *Staples* v. *Somerville,* 176 Mass. 237. In that case the assignee of a building contract, at his own expense, completed the structure and was permitted to recover for the work and material furnished after the date of the assignment. In the case at bar, after the contractors had abandoned the buildings, no work was done by the plaintiff or on his behalf.

The plaintiff further argues that in finishing the houses Brooks and Laffey exercised the rights of the contractors and preserved them. We discover nothing in the record to support this contention. On the other hand, when the contractors withdrew they desired Brooks to protect his mortgage, and all that was done by him was for his own profit. There is nothing to show that in the completion of the houses by Brooks, he was acting under the construction agreement, nor does it appear that any payments were made to him under this agreement.

Judgment is to be entered for the defendant.

*So ordered.*