I

WYATT LUMBER COMPANY, Limited, a Corporation, Plaintiff in Error, v. COOLEY HARDWOOD MANUFACTURING COMPANY, a Corporation, Defendant in Error. (Circuit Court of Appeals, Ninth Circuit, March 30, 1925.) No. 4353. In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge. Albert I. Loeb, of San Francisco, Cal., for plaintiff in error. R. Clarence Ogden, of San Francisco, Cal., for defendant in error. Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. In July, 1922, R. H. Cooley entered into a written contract with the plaintiff in error, whereby the latter agreed to deliver to him at Oakland, Cal., 500,000 feet of oak lumber of specified grades at a specified price, to be paid for five days after delivery; deliveries to commence about November, 1922, and to continue thereafter at the rate of 60,-000 feet per month. In November, 1922, Cooley assigned his interest in the contract to the defendant in error, and gave the plaintiff in error notice of the assignment. There-

after, in February and March, 1923, the plaintiff in error delivered to the defendant in error two consignments of lumber under the contract. On April 4, 1923, the plaintiff in error notified the defendant in error that it did not intend to complete the contract, and on its refusal to comply therewith the defendant in error brought an action in the court below to recover damages, setting forth in its complaint the facts which are above narrated. Judgment was rendered for the defendant in error. To review that judgment the cause is brought here upon writ of error, without a bill of exceptions, and presenting only the question whether the judgment is void for failure of the complaint to state facts sufficient to constitute a cause of action. The plaintiff in error contends that the contract was personal in its nature, and could not be assigned by one party thereto without the consent of the other, and that the allegations of the complaint are insufficient to show the assent of the plaintiff in error to the assignment. Assuming, but not deciding, that the contract was of a personal nature, owing to the fact that it provided for a credit of five days upon the payments for lumber as delivered, we think the complaint sets forth facts amply sufficient to show that the plaintiff in error assented to the assignment. It appears therefrom that, three months after notice of the assignment, the plaintiff in error continued to recognize the contract by consigning a shipment of lumber, and a month later a second shipment. The facts pleaded being sufficient to show a waiver, it is unimportant that there is no express allegation that objection to the assignment was waived. "The acts and conduct of a party to a contract, with knowledge of the fact that the contract has been assigned, may be such as to warrant the conclusion that the provision against the assignment has been waived." 5 C. J. 884; Staples v. City of Somerville, 176 Mass. 237, 57 N. E. 380; Brewster v. City of Hornellsville, 35 App. Div. 161, 54 N. Y. S. 904; Devlin v. Mayor, 63 N. Y. 14; Kinser v. McMurray, 190 Iowa, 1329, 181 N. W. 691; Moore v. Thompson, 93 Mo. App. 336, 67 S. W. 680; Camp v. Wiggins, 72 Iowa, 643, 34 N. W. 461. The complaint contains a further allegation, from which we think it is fairly inferable that the contract was repudiated, not because of objection to the assignment thereof, but because a sharp advance in the market price of oak lumber had placed a mortal strain on the covenants of the plaintiff in error. The judgment is affirmed.